## STANDARD ACC. INS. CO. v. BARRON.
### No. 8710.

Court of Civil Appeals of Texas. San Antonio.

Jan. 6, 1932.

Rehearing Granted Feb. 17, 1932.

Rehearing Overruled March 16, 1932.

Cole, Cole, Patterson & Kemper, of Houston, and Jones & Lyles, of Del Rio (W. A. Combs, of Houston, of counsel), for appellant.

H. E. Wassell, of Wink, Frank Lane, of Brackettville, and Black & Graves, of Austin, for appellee.

SMITH, J.

This case arose under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). William K. Barron was the employee, the Del Rio Stone Company the subscribing employer, and the Standard Accident Insurance Company the insurer. Barron was injured in the course of his employment with the stone company as a laborer in the latter's stone quarry in Kinney county. He prosecuted a claim before the Industrial Accident Board, which awarded him compensation, and on the insurer's appeal to the district court he was again awarded compensation as for a total permanent disability occasioned by his injury. The insurance company has appealed.

The evidence shows that the stone company acquired the stone quarry in February, 1928, after it had lain idle for twenty-four years. Much loose stone in large pieces lay scattered about in the quarry in its natural state but covered with dirt and débris accumulated through the years. Up to the time of this accident those engaged at the quarry seem to have devoted their labors to cleaning off this loose stone, hauling it in trucks to the railroad and shipping it to the stone company's Houston office where it was cut and polished by skilled labor into blocks and sold to the trade. The working force at the quarry was comprised largely of day laborers, the work requiring no skill. Appellee was a member of this force. He was injured by falling from a ledge in the quarry while loading surface dirt into a truck for removal from the quarry.

It is not deemed necessary to set out the terms of the insurance policy in full. It is deemed sufficient to say, for the purposes of this opinion, that in the body of the contract the insurer agreed to assume liability for injuries to or death of all the employees of the subscriber, wherever they may be engaged in the subscriber's plant and general

offices in Houston, "or elsewhere in the State of Texas." Under the head of "classification of operations," the class of operations to be covered by the policy was stated to be "Stone cutting and polishing—*excluding quarrying*." (Italics ours.)

The president of the stone company testified without objection that the policy in question was not intended by insurer or insured to cover employees working in the stone quarry; that the parties to the insurance contract intended to exclude the quarry employees from the benefits of that contract. Appellant pleaded and offered to prove by indisputable evidence that on October 3, 1928, two and a half months after Barron was injured, the stone company procured from appellant additional insurance, for an additional premium of $433, expressly covering employees at the quarry, which additional coverage was evidenced by a "rider" attached to the policy here sued on. The trial court sustained appellee's exception to this pleading, and excluded the evidence offered by appellant in support thereof.

It is contended by appellant that, although both were owned and operated exclusively by the stone company, the stone quarry in Kinney county and the finishing plant at Houston, situated 400 miles apart, were "conducted as separate and distinct businesses or business units"; that the company elected, as was its privilege, to "become a subscriber to the Compensation Act as to only such of its employees who were engaged in stone cutting and polishing, and to reject the Act as to employees engaged at the quarry," and that it being conceded that appellee was injured while employed in the quarry, he could not recover compensation under such contract.

In short, it is contended by appellant that the policy in question covered subscriber's employees at the Houston plant only; that by its terms the employees at the quarry were excluded from its operation. To this contention appellee interposes the propositions that:

"The two plants of the Del Rio Stone Company being related parts of the same general business, the policy in question covered the employees at both plants. The Company had no right to protect a part of its employees with Workmen's Compensation Insurance and leave the others unprotected.

"When the Del Rio Stone Company procured a policy of insurance from the appellant, it thereby became a subscriber under the Workmen's Compensation Act with the result that all of its employees became entitled to the protection afforded by that Act notwithstanding any contrary stipulations contained in the policy. The protection afforded the employees is defined in the law and cannot be limited by the policy."

It will be observed that the only restriction in the policy tending to exclude from its operation the stone company's employees at the quarry is the phrase, "excluding quarrying," occurring in the clause "stone cutting and polishing (N. O. C.)—excluding quarrying," under the head of "Classification of Operations." The premium charged for the policy and paid by the subscriber to appellant was adjusted to this exception, but the rule by which the premium was measured was made flexible in the agreement and subject to future additions or deductions according to fluctuations of the risk assumed by the insurer. In all other express provisions of the policy, and in every inference deducible from those provisions, the protection extended by its terms is made to apply indiscriminately to every employee in the service of the subscriber, wherever located.

It may be true, as contended by appellant, that where a subscriber operates two separate and distinct businesses, it may elect to insure the employees in one and leave the employees in the other without such protection, or may insure one set of employees in one company and the other set in another company. United States Fidelity & Guaranty Co. v. Gin & Mill Co. (Tex. Civ. App.) 245 S. W. 720. But that rule, if established, cannot avail appellant in this case, for here the operations of appellant do not amount to two separate and distinct businesses. Those operations may be separated into two units, but those units are so related and interdependent as to constitute one business, or one continuous operation, to wit, the mining and refining of building stone for commercial use. The fact that the two plants necessary to this operation are situated over 400 miles apart is not material to the question under consideration. The mining of the stone at the quarry is the base of the operation, which is continued and completed at the refinishing plant, which is but an adjunct of the quarry. In the language of the president of the employer corporation the quarry "was certainly not only an integral part, but, in fact, the most important operation of the company." It is true that separate books were kept of the two operations, but that is but a mere administrative detail having no bearing upon this inquiry. The employees in both plants were common employees of the company, were paid alike by the company, and were entitled to the equal consideration and protection of their common employer.

The Workmen's Compensation Law was enacted for the benefit of the employee, and it was expressly declared in the policy here invoked by appellant and relied upon by appellee that the contract was made for the benefit of the subscriber's employees. Such is the policy of the law, regardless of expressions to that effect in the statute or in the contract.

Contracts made in obedience to or in at-

tempted compliance with the statute must be construed liberally in favor of employees as its beneficiaries, and applied in such manner as will more nearly and certainly accomplish the full purpose of the act and uphold the wholesome policy inducing the enactment. The provisions of the act will be read into such contracts by implication when not expressly adopted as a part of the agreement. In this case the provisions of the act were expressly adopted into the contract. If any part of the contract is in derogation of the law, or seeks to restrict the operation of the law, it should be nullified by the courts.

Having these views upon the subject, it is the opinion of this court that the subscriber and insurer may not lawfully exclude any employee, or class of his employees, engaged in one general business, from the benefits of compensation insurance contracts so as to constitute a discrimination against such employees and leave them without the protection afforded their fellows. The law and the contract made in pursuance thereof are for the benefit of *all* employees of a subscriber, and not of particular classes, and the subscriber and insurer ought not to have or be permitted to exercise the power to exclude any individual or class of employees from the benefits accorded in such contracts to others. When contracts for compensation are made, the liability of the insurer should be fixed by the law, and not by provisions in the contract in derogation of the law.

In this case it was the apparent intention of the insurer and insured to exclude the employees in the quarry from the operation of the contract of insurance here sued on, and they were so excluded by a specific exception incorporated into the contract.

We are of the opinion that such exception cannot be given effect, first, because it is repugnant to the expressed purpose and general provisions of the contract by which protection was afforded all employees of the subscriber, wherever located; and, second, because such exception is in direct contravention of the spirit and purpose of the compensation act, which applies to all employees of its subscribers engaged in one general business, wherever located, and without reference to the hazards of their employment.

This construction is not in contravention of the constitutional right of contract, but rather is in aid of it. For, as a practical matter, the employee is a silent party to this statutory contract, is the principal beneficiary of it; and since he is not a direct party to it, and therefore may not himself dictate any of its terms, the law has written into it the provisions necessary for his protection.

It should be added that by these holdings we do not mean to say that all employees of a subscriber must be protected by a single policy. We mean to say, only, that when the employer subscribes to the compensation law he may not limit his subscription so as to leave some of his employees without the protection vouchsafed all employees of a subscriber by the statute. The law does not afford him this power of discrimination, and the insurer who deals with him is charged with knowledge of his lack of power, and may not connive with him in effectuating such discrimination. But it must be true, as a matter of course, that in carrying out the purpose of the law to protect all his employees he may divide that protection among different insurers, in which case each insurer's liability would be measured by its limited coverage.

Appellant complains that the trial court sustained exceptions to its pleading, and excluded testimony offered thereunder, to the effect that three months after appellee sustained the injuries herein complained of appellant issued an additional policy covering employees at the quarry operated by the subscriber, in consideration of an additional premium. We do not regard this ruling as material to the appeal. The liability of appellant must be measured by the policy in force at the time appellee was injured, under the conditions then existing. The fact that the additional coverage was provided cannot aid appellant's cause. It has rather a contrary effect, if any, for it discloses a belated recognition by insurer and insured of the right of the quarry employees to the protection sought to be denied them in the original policy.

The foregoing conclusions lead to the overruling of appellant's propositions 1, 2, 3, 4, 5, 6, and 7. Propositions 8, 9, 10, 11, and 12 relate to the submission of and findings upon issues of fact. Those propositions will be overruled. The issues were raised by the evidence, were submitted in substantial accordance with the law, and the findings thereon will not be disturbed on appeal.

The issue of the "average weekly wage" of appellee was not submitted to the jury, and neither party having requested its submission, the trial judge incorporated a specific finding thereon in the judgment. In its thirteenth proposition appellant complains of this manner of disposing of the issue. We overrule that proposition. The jury having found upon the independent and controlling issues of the case, including the finding that appellee was totally and permanently injured in the course of his employment, thereby entitling him to compensation based upon his average weekly earnings, the question of the amount of such earnings became a secondary issue, and in the absence of a request from either party that it be submitted to the jury, it was within the province of the trial judge to adjudicate it, upon sufficient evidence. The evidence fully supported the trial judge's finding, would in fact have supported a finding of

a larger amount, and appellant is therefore cut off from any just complaint. Barron v. Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464.

In its fourteenth proposition appellant complains of the form of the special issue submitted to the jury in ascertaining the rate of discount that should be applied in determining the amount of the lump sum settlement to which the jury found appellee entitled. We have concluded that the proposition does not show reversible error, and it is therefore overruled. The issue in the form submitted was sufficient to elicit an apparently fair approximation of the rate of discount allowable, and certainly the rate found was not excessive. Appellant has shown no injury by reason of the submission.

Appellant complains, in its fifteenth proposition, of the manner in which the trial judge computed the discount found by the jury, and urges that the judgment rendered on such finding was excessive in the sum of the difference between $191.52, the amount of the discount actually allowed in the judgment, and $433.44, the amount that should have been allowed. We think this complaint is well founded, and is in effect conceded by appellee, and the judgment will be reformed accordingly. The amount of this excess seems to be $241.92.

In its sixteenth and final proposition appellant complains of the allowance of interest from the date of injury on the compensation allowed, there being no pleading authorizing that element of damage. This proposition is well founded. The amount of this item is $48.56. These two items of excess aggregate the sum of $290.48, according to appellant's calculations, which appellee does not question, and the judgment must be reformed so as to exclude that amount.

The judgment will be reformed so as to reduce the amount of appellee's recovery to the sum of $5,578.56, and, as so reformed, will be affirmed.

### On Motion for Rehearing.

We have concluded upon rehearing that this court erred in affirming the judgment below.

As shown in the original opinion, the employer operated two plants, one a stone quarry in Kinney county, the other a stone cutting and polishing plant 400 miles distant, at Houston. The bond or policy here sued on was intended by the parties thereto to cover the employees in the Houston plant only, and by its express terms employees engaged in the quarrying operations in Kinney county were specifically excluded from the operation of the bond. The premium paid appellant for the protection of the bond was ascertained, fixed, and paid on the basis of the pay roll of the employees at the Houston plant, and did not include consideration of the pay roll of the quarry employees, which, if included, would have increased those premiums to the extent of $433. In deference to the reasoning in the decision of the Commission of Appeals, in the able opinion of Judge Sharp in the case of Federal Surety Co. v. W. A. Jetton et al., approved by the Supreme Court on January 6, 1932 (44 S.W.(2d) 923), we are constrained to hold that appellant is not liable to appellee under said bond, and appellee was not entitled to recover in this cause. Accordingly, the judgment of the court below must be reversed, and judgment here rendered that appellee recover nothing of appellant, and that appellant be discharged with its costs.

Appellant's motion for rehearing will be granted, the judgment of affirmance will be set aside, and judgment here rendered for appellant.