### SOUTHERN SURETY CO. OF NEW YORK v. SCHEEL et al.

No. 8836.

Court of Civil Appeals of Texas. San Antonio.

May 4, 1932.

Rehearing Denied May 18, 1932.

938

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Hull & Oliver, for San Antonio, for appellees.

COBBS, J.

Appellees sued appellant to recover a judgment against the Industrial Accident Board on account of the death of H. W. Scheel, the father of appellees. It is alleged that he died as the result of accidental injuries sustained on January 1, 1931, as an employee of the Three Rivers Glass Company, which was a subscriber to the Texas Workmen's Compensation Act, and carried a policy of compensation insurance with the appellant. All jurisdictional facts were properly alleged. Facts were alleged showing the employment of Hull & Oliver, attorneys, before the Industrial Board, where fee permitted by law was agreed upon.

Appellant filed an answer consisting of general demurrer, special exception, and general denial. The case was tried upon special

issues as to whether or not deceased was an independent contractor at the time of his death; whether or not he was an employee, at the time of his death, and in the course of his employment, of the Three Rivers Glass Company; whether or not manifest hardship and injustice would otherwise result if appellant failed to redeem its liability by payment in lump sum, the average weekly wages of the deceased at the time of his death.

The findings were that deceased was not an independent contractor; that he was killed in the course of his employment; that he was an employee; that manifest hardship and injustice would otherwise result if payment was not made in a lump sum, and that $45 was the average weekly wage of the deceased. Judgment was entered in favor of appellees against appellant based upon the jury's verdict, for the sum of $6,157.05, together with costs and interest at the rate of 6 per cent. per annum, one-third of which judgment was for Hull & Oliver, the attorneys; from all of which appellant has appealed.

The evidence showed that deceased was employed by the Three Rivers Glass Company to haul glassware, exclusively and permanently, that the employment was permanent, and that the glass company directed, controlled, and told the deceased what to do and the way to do it, and required the drivers to carry insurance. It was clearly shown that deceased was under the direct control of the glass company.

The facts show that the glass company was a subscriber to the Workmen's Compensation Act, and carried a policy of insurance with the Southern Surety Company of New York; that deceased was an employee of the glass company, and covered by appellant under and by virtue of the Workmen's Compensation Act.

The appellees having shown, and the jury having found, that deceased was an employee of the Three Rivers Glass Company, they had made out their case and were entitled to the compensation, and to defeat it appellant was compelled to show that deceased was an independent contractor, which was not done.

On the question of average weekly wage, the jury found the wage of $45 to be fair and just to both parties. There were no other employees doing the same class of work for the year preceding the injury to deceased, therefore the compensation had to be computed under article 8309, subd. 3, instead of subdivisions 1 and 2.

We do not think there is any doubt upon the question of deceased's employment by the glass company. He was permanently employed by the company, and was engaged in

loading and unloading glass for the company. He was required to take out insurance, and the company kept the policies. There were directions given as to which roads he was to take, in accordance with the map in the shipping clerk's office. Mr. Ellerman was the truck boss who told the drivers what to do, where to go, and how to go, and who should drive. He required the employees to execute receipts and return them, this was the way they kept track of the goods. They were to do hauling of all kinds, including split loads, part of the load going to one place and part going to another; and bring back products for the company. These truck drivers were told by the company what roads to take, how to handle glass bottles, and to hurry back and bring stuff back for them; to keep on the job, to report at 7 o'clock every morning, etc. Ellerman was the truck boss, and he gave the drivers their instructions; the men were hired with their trucks, and they did exactly as directed by the glass company. All these acts were performed, which ordinarily constitute employment.

██ We do not think there are sufficient facts to show that deceased was an independent contractor. The authorities have made it hard to determine whether deceased was an independent contractor, but on that issue, with a full statement of all the facts, the jury found that he was not an independent contractor. If under the law [Standard Accident Insurance Co. v. Barron (Tex. Civ. App.) 47 S.W.(2d) 380] employees were not covered under the policy of insurance, then that might be a solution of this case. In our judgment that case does not apply here. Under the facts of this case the deceased was confined in his employment to the work he was doing for the glass company. It is true, in his work he was allowed to take and care for other shipments on his return, but this was an incident of his employment, and he had to return to the glass company where he kept his car. He paid his own money for the upkeep of the car and for repairs, but received his wages for hauling the glass and other products for the glass company. All his deliveries were under the guidance and instructions of the glass company which employed him.

██ He sought this employment originally, and secured the truck for the distinct purpose of doing the work. We think under all the facts deceased was an employee and not an independent contractor. We think the employees of the glass company similarly situated as deceased were insured and covered by the terms and provisions of the policies. The Workmen's Compensation Law applies to employees, and, when an injured one comes within that class, he is entitled to compensation. The authorities hold that the act depriving employees of their common-law rights should be liberally construed in favor of the employee, in order to effectuate its primary object; and, when the statute has been complied with, the injured one is entitled to be paid, and, when the injured one has proved his case according to the statute, then the burden shifts to the insurer to defeat that claim if he can. In this case the appellant claimed that deceased was an independent contractor, but the jury found, upon ample facts, that H. W. Scheel was an employee of the glass company and not an independent contractor.

We have carefully read all of appellant's assignments and points and overrule them. Upon the facts and the splendid arguments of counsel, for both sides, we have reached the conclusion that the judgment should be affirmed, which is now done.