## TEXAS INDEMNITY INS. CO. v. BRIGGS.

### No. 3438.

Court of Civil Appeals of Texas. Beaumont.

May 18, 1939.

Rehearing Denied May 31, 1939.

pellee, Briggs, while in the course of his employment, received an injury, and that said injury resulted in hernia, which hernia appeared suddenly and immediately after his receiving the injury, and was accompanied by pain, and that said hernia did not exist in any degree prior to his receiving the injury. These findings are amply supported by the evidence.

In answer to special issue No. 8, the jury found that the operation performed on Briggs for the hernia by Dr. Short, "did not effect a cure". This finding has ample support in the evidence.

Special issue No. 15, submitted to the court, reads: "Do you find from a preponderance of the evidence that the injury resulting in a hernia sustained by Carlton W. Briggs on January 7, 1937, if he did sustain an injury which resulted in hernia, totally incapacitated him to work and earn money?" The jury answered "Yes."

Appellant objected to this issue "because said issue is erroneously limited to the injury alone and does not allow the jury to consider the effects of said operation and the testimony that said operation cured said injury, and does not allow the jury to consider the benefits arising from said operation." This objection was overruled. This ruling is assigned as error. We do not believe there is any merit in the contention. As just stated, the jury found upon ample evidence that the operation "did not effect a cure." The evidence showing and the jury finding that the hernia resulted from the injury, and that the operation, which was had little more than a month after the injury occurred, "did not effect a cure", and that appellee suffered total and permanent disability because of the injury—hernia—it is difficult to understand in what way appellee was benefited by the operation. If the operation "did not effect a cure", and appellee after the operation was still wholly disabled, we fail to see any evidence of any benefit resulting from the operation—in any event if appellee was totally disabled, which disability was permanent, as was found by the jury in answer to special issue No. 16, that was all the law required to entitle him to recover for his disability. If it could be said that the operation was in any way beneficial to appellee, but still because of the result of the injury—hernia—to his whole body, he was totally and permanently disabled from performing

John G. Tucker and Orgain, Carroll & Bell, all of Beaumont, for appellant.

Fred A. White, of Pt. Arthur, and J. Donald Aaron, of Crowley, La., for appellee.

O'QUINN, Justice.

This is a compensation insurance case. The Atlantic Pipe Line Company was the employer, Carlton W. Briggs, appellee, the employee, and Texas Indemnity Insurance Company the compensation insurance carrier. Appellee filed his claim for compensation with the Industrial Accident Board. In due time it made its final award granting compensation to appellee, and from that award appellant filed suit in the district court of Jefferson County to set the award aside. Appellee answered and filed cross action to recover compensation. The case was tried to a jury upon special issues on the answers to which judgment was rendered for appellee as for total and permanent disability. This appeal is from that judgment.

In answer to special issues Nos. 1, 2, 3, 4, 5, 6, and 7, the jury found that ap-

the ordinary duties of a laborer, the omission to charge as contended for by appellant was harmless error, if at all error.

But it is contended that the undisputed evidence shows that appellee was benefited by the operation. This contention is based upon the fact that appellee was operated on February 12, 1937 (the injury occurred on January 7, 1937), and on June 18, 1937, he returned to work, and was paid his regular wage of fifty-five cents per hour, and continued to work until July 30, 1937. Appellee so testified. He further testified that Dr. Short, the surgeon who operated on him, told him he could do light work, but not to do or try to do heavy work, and that when he returned to work he did only light work—painting and such like—that they instructed him "whatever I did to take it easy". That on July 30, 1937, he was "laid off". That he was told "that they expect men to work when they had them there, and they hired men to do work, and if they could not work, couldn't do the work, they couldn't use me, and that I was—they couldn't use me if I couldn't do the work", and that he had not worked since then. That Dr. Short told him his operation was a success, and that at the time he returned to work it was in accordance with the advice of Dr. Short that he could do light work, but that in a short while after returning to work he was let out because he could not do the work desired of him. We do not see any benefits accruing to appellee because of the operation. If, after all, he was unable to work, he was in the same condition as before the operation. We think it proper to say that when appellee received his injury he was taken by his foreman to the "first-aid labatory", and from there to Dr. J. D. Fuselier, physician for his employer, by Mr. Pemoulie, Assistant Superintendent and chief chemist of his employer, Atlantic Pipe Line Company, and after Dr. Fuselier got through with his treatment of appellee he was taken to Dr. Willoughby, and finally he was taken to Dr. Robert F. Short at Dallas—Baylor Hospital—and he was operated on by Dr. Short for hernia. It is seen that appellee was at all times being directed and treated by company physicians, and that after the operation, he still acted under the advice and tried to follow the instructions of Dr. Short when he returned to work, and finally was discharged when he was unable to work. Further, Dr. J. M. Jackson of Port Arthur, a practicing physician and surgeon for twenty-one years, testified that after examining appellee several times, once just before the trial of the case, that the operation for hernia was not successful, very incomplete, and was a failure, and that, in his opinion, if appellee, in his then condition, was to undertake to do heavy labor he would have "one of the largest hernias a man could have"; that the condition of appellee was worse at the last examination than when he examined him shortly before—that his condition "Yes, sir. It is getting worse." Southern Casualty Co. v. Fulkerson, Tex.Com.App., 45 S.W.2d 152. Furthermore, in answer to special issues Nos. 17 and 19, the jury found that the incapacity of appellee to do work was not temporary, and that his disability was not partial. We think the elements of success or of benefit, if any, arising from the operation were reasonably encompassed in these questions. But if not, the failure to include in the charge the matter complained by appellant, under all the findings of the jury, was harmless.

What we have said disposes of appellant's second proposition that it was error for the court to submit, in the form given, special issue No. 15 to the jury. And likewise of its third proposition that the court erred in refusing to give its special requested charge that in answering special issues Nos. 15 (inquiring as to total incapacity) and 17 (inquiring as to temporary incapacity) and 19 (inquiring as to partial disability) the jury might consider the benefits, if any, to appellee by reason of the operation performed on him for hernia.

■ We overrule appellant's fourth assignment asserting that the court erred in submitting special issue No. 16 inquiring whether appellee suffered permanent incapacity to work by reason of the injury sustained by him. The pleadings and the evidence raised the issue of permanent incapacity, and its submission was required.

We overrule appellant's assignments that the court's definition of "total incapacity", "partial incapacity", and "temporary incapacity" was insufficient. They correctly defined the terms mentioned.

■ Assignments 11 and 12 complain that the court erred in rendering judgment for $4,095.72 as for total and permanent disability for in that there was no jury finding as to when the incapacity began, wherefore there was no basis for the judgment. These assignments are overruled. Appellee plead that he was injured on

January 7, 1937; that he was operated on for hernia February 12, 1937; that he returned to work June 18, 1937, and continued to work until July 30, 1937, when because of his inability to work he was discharged; that the operation for hernia was not a success; and that because of his injury he had suffered total and permanent disability. The jury found in his favor on each of these allegations. The court in his judgment found that appellee worked from January 7th to January 20th; that he was paid compensation for the time from January 21, 1937, to June 17, 1937; and that he worked from June 18th to July 29, 1937, and awarded judgment for compensation beginning to accrue with the week commencing July 30, 1937, in the sum of $4,095.72. The judgment did not award appellee any recovery for the first 29 weeks after receiving the injury, that is to July 30th, the date of his discharge for inability to work. The judgment for $4,-095.72 was for 372 weeks at $11.01 per week. There is no complaint that this sum was not correct. The contention that appellee did not suffer the incapacity claimed but was able to perform his usual tasks, were found against appellant by the jury.

■ Assignment 20 complains that the court erred in refusing to submit its requested issue No. 19, which reads: "Do you find from a preponderance of the evidence that the hernia operation performed on Briggs by Dr. Short was not successful on July 30, 1937?"

This assignment is overruled. The court gave special issue No. 8, which reads: "Do you find from the preponderance of the evidence that the operation performed upon Carlton W. Briggs by Dr. Robert F. Short on or about February 12, 1937, did not effect a cure of the hernia, if any?" They answered the issue: "The operation did not effect a cure." As appears, the operation was on February 12, 1937. The requested special issue No. 19 inquires as of July 30, 1937. The jury's answer being that the operation did not effect a cure, the difference of dates was immaterial. The issue submitted by the court was to all intents and purposes the same as the one requested.

What we have said disposes of assignments numbers 21 and 22 relative to the effect of the hernia operation.

■ Appellant's 23rd assignment asserts that the court erred in rendering judgment for appellee because the judg-ment is in conflict with the findings of the jury in that the jury found that appellee was injured on January 7, 1937, and did not file his claim for compensation with the Industrial Accident Board within six months after receiving his injury as required by law. The record reflects that appellee received his injury January 7, 1937, said injury resulting in hernia. On March 22, 1937, he filed his claim for compensation with the Industrial Accident Board. While the application was pending, he filed his amended claim before the Board on August 24, 1937. The Board made its final award on the amended claim, on November 26, 1937, awarding compensation, reciting due notice to all parties. We say the award was made on the amended claim. It must have been so for the original claim was made on March 22, 1937, less than three months after the injury, and was still pending, and the amended claim was but for the compensation originally claimed, but if not then the award was made on the original claim. So that in either event the claim was duly filed, and the finding by the jury that appellee did not file his claim for compensation within six months after receiving the injury, was without support in the evidence, and directly against the undisputed evidence. Moreover, appellant's First Amended Original Answer, in which appellee's allegation of filing his claim for compensation within six months after his injury was received, was denied under oath, was filed less than seven days before the case proceeded to trial as required by Article 8307b, R.S.1925, Vernon's Ann. Civ.St. art. 8307b, wherefore the allegation of filing his claim for compensation with the Industrial Accident Board within six months after receiving his injury must be presumed to be true. Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900, Writ refused; Texas Employers Ins. Ass'n v. Jones, Tex.Civ.App., 70 S.W.2d 1014, Writ dismissed. If it could be said, under all the circumstances, that appellee failed to file his claim for compensation within six months after receiving his injury, then the court submitted special issue No. 14 to the jury asking whether good cause existed for the failure to file claim for total and permanent disability within six months, which they answered "Yes", and also special issue No. 14-a whether such good cause continued to exist, if it did exist, until August 21, 1937, which they also answered "Yes."

While, as before stated, we think the undisputed facts show the claim was filed originally within the six months period, but in any event, the findings of the jury just noted, completely covered and cured the situation.

What we have said disposes of assignments Nos. 24, 25, and 26.

By its 29th assignment appellant complains that the court erred in rendering judgment for appellee for 6% interest on the sum of $330.30, that being the amount of past accrued and unpaid payments for 30 weeks, when appellee failed to plead that he was entitled to such interest. Appellant concedes that the judgment as to this item is erroneous and requests us to reform the judgment in this particular. Accordingly the judgment will be reformed so as to omit the interest mentioned.

Other assignments are presented, all have been considered, none of them show reversible error, and are all overruled.

The judgment will be reformed as above indicated, and as reformed, is affirmed. The costs are adjudged against appellant.