**TEXAS EMPLOYERS' INS. ASS'N v. WILLIAMS.**

No. 4468.

Court of Civil Appeals of Texas. Beaumont. Oct. 2, 1947.

Rehearing Denied Oct. 29, 1947.

Marcus & Weller, of Beaumont, for appellant.

John L. Bell, of Beaumont, for appellee.

MURRAY, Justice.

This case is one arising under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq.

Appellee, plaintiff below, filed suit in the District Court of Jefferson County, Texas, against appellant, defendant below, to recover compensation for total permanent incapacity at the rate of Twenty ($20) Dollars per week and went to trial upon his First Amended Original Petition, alleging that he had sustained an injury on August 12, 1945, in Jefferson County, Texas, while in the course of his employment with The Enterprise Company, Inc., at which time and place said employer was insured under the Workmen's Compensation Law by appellant, it being further alleged by appellee that such injury resulted in hernia and that although a surgical operation for repair of such hernia was done, the same was not successful and did not effect a cure, and that he was totally and permanently disabled.

Appellant's First Amended Original Answer, upon which it went to trial, set up as defenses, among other pleas, that appellee had been furnished a surgical operation and hospitalization for the hernia suffered by him, which operation was successful and effected a cure, and that it was not liable to appellant for more than twenty-six (26) weeks compensation. As further defenses, appellant alleged that if such operation was not successful and if appellee was disabled, such was due to the effect of prior injuries resulting in hernia and operations performed therefor; still further, that appellee's disability was caused or contributed to by injuries received either prior or subsequent to August 12, 1945.

A jury was waived and the cause was tried before the court. The trial court rendered judgment in favor of appellee for total and permanent disability. In response to a motion of appellant, the trial court filed findings of fact and conclusions of law. Appellant then filed its request for additional findings of fact, specifying the findings which it requested the court to make. The court, in response to such request, made and filed additional findings of fact, but modified the findings requested by appellant, to which it excepted. Appellant then filed a request for specified additional and amended findings of fact, which request the court refused, and appellant excepted to such refusal. The appellant has duly perfected its appeal.

The trial court made the following findings of fact, among others, all of which we believe to be supported by the evidence:

"9. On August 12, 1945, while in the course of his employment with said employer, plaintiff sustained the right inguinal hernia involved in this proceeding. Again defendant operated upon plaintiff, performing the radical surgical operation *contemplating* under the Workmen's Compensation Act of Texas. Said operation of September 24, 1945 entirely removed the protrusion or hernia from plaintiff's body, but the operating physician did not release plaintiff for return to his usual work in the Sterotype Department of said employer, or any work requiring the normal exertion of a workman in the performance thereof.

"10. I find that said operation of September 24, 1945 was not successful, and did not result in death of plaintiff. That at all times since August 12, 1945, plaintiff has sustained a substantial and material diminution of his earning capacity which condition was and is permanent.

"11. I further find that at all times since August 12, 1945, plaintiff has sustained and will sustain material disability and incapacity to work and earn money and to perform the usual tasks of a workman in such a manner as to obtain and retain employment.

"12. That as the result of said operation of September 24, 1945, I find that the plaintiff sustained minor temporary benefits in that for a short period, from January 6, 1946, to August 17, 1946, plaintiff engaged in work in a beer parlor under conditions whereby he was not required to lift anything heavier than a bottle of beer, and that by reason of such employment such minor temporary benefits accrued to plaintiff.

"13. I further find, however, that during such period from January 6, 1946 to August 17, 1946 and during all such employ-

ment plaintiff suffered pain and discomfort in his groins, legs and feet, particularly in the right groin and in the right leg, and which pain and discomfort was proximately and directly caused and produced by plaintiff's injury of August 12, 1945, and which condition did not exist prior to said date; and that by reason of such condition plaintiff was required to give up such extremely light employment.

"14. I further find that plaintiff's injury of August 12, 1945 is the producing cause of all of plaintiff's disability and incapacity herein mentioned and that but for said injury so such incapacity or disability would have occurred.

"15. I further find that plaintiff's injury of August 12, 1945 is the producing cause of all of plaintiff's loss of earning capacity herein mentioned and that but for the said injury no such loss of earning capacity would have occured.

"16. I find that from August 12, 1945 to January 6, 1946, a period of twenty-one (21) consecutive weeks, plaintiff was totally disabled as the proximate result of his injury of August 12, 1945.

"17. I find that from January 6, 1946 to August 17, 1946, a period of thirty-two (32) consecutive weeks, plaintiff sustained a sixty (60%) per cent partial temporary disability as the result of his injury of August 12, 1945.

"18. I find that from August 17, 1946 and that at all times thereafter, plaintiff has sustained and will sustain total and permanent disability as the result of his injury of August 12, 1945.

"19. I find that on November 19, 1946, said hernia operation of September 24, 1945 gave way and that there is now a definite re-occurrence of the hernia sustained August 12, 1945, however, I find that prior to such re-occurrence plaintiff was already totally and permanently disabled and therefore said re-occurrence did not increase plaintiff's incapacity and disability under the Workmen's Compensation Law."

In his additional findings of fact, the court found as follows:

"I. I find on November 19, 1946, plaintiff, Robert D. Williams, suffered a definite recurrence of the hernia for which an operation was performed on September 24, 1945; and that such hernia recurred while plaintiff was at his home, engaged in having a bowel movement and that such hernia recurred as the result of plaintiff straining himself in the course of such bowel movement.

"II. I find that long prior to August 12, 1945, and prior to the time the operation of September 24, 1945, was performed, and probably since birth, the plaintiff had a marked weakness of the tissues in his abdomen and in and around the area where said operation was performed, which condition made him more susceptible to hernia and more likely to suffer a recurrence thereof following an operation or operations therefor, than in a person without such weakness of the tissues.

"III. I further find that the reason that the operating surgeon, Dr. H. B. Barr, did not release the plaintiff to return to his usual work after the operation of September 24, 1945, as stated in my original finding of fact number 9, was because said surgeon realized that due to the marked weakness of the tissues of plaintiff's abdomen and due to the further fact that said operation was in a post-operative area which had been further weakened by two preceding hernia operations, that only by the removal of the spermatic cord and a complete closing of the inguinal ring would a cure have been effected, and that the radical operation for hernia which was performed did not effect a cure. Further, that such physician firmly believed that following such 1945 operation, heavy work would surely produce a recurrence of said hernia or another hernia, and even getting in an awkward position might do so; further that following said 1945 operation that should plaintiff obtain employment said physician was of the opinion that due to the condition above stated, plaintiff could not reasonably be expected to retain such employment due to the probability of a recurrence or sustaining a new hernia in said area.

"IV. I find that said operation of September 24, 1945, was properly performed but was not successful not only because the plaintiff was not thereafter able to return

to his former employment, or similar employment without the probability of his suffering a recurrence of the hernia, or another hernia in such area, for which said operation was performed; but that (as I have previously found in my original finding of fact number 13) following September 24, 1945, plaintiff suffered pain and discomfort in his groins, legs and feet, and that said operation did not restore plaintiff's capacity to work and earn money, but that following such operation he has been continuously disqualified to perform the usual tasks of a workman in such a manner as to obtain and retain employment.

"V. I further find that the probability of plaintiff suffering a recurrence or another hernia upon his return to his former or similar employment, and the pain and discomfort in the groins, feet and legs, and the consequent non-success of such operation, is due to plaintiff's injury of August 12, 1945, and the operation of September 24, 1945, therefor, superimposed upon the pre-existing weakness of the tissues in plaintiff's abdonmen, and the performance of said operation in a post-operative area of his body which had been further weakened by two preceding hernia operations.

"VI. I further find that the incapacity of plaintiff from and after August 12, 1945, is due to a physical incapacity to perform labor."

These additional findings of fact also are supported by the evidence.

Williams, the appellee, worked in the composing room of a publishing company, The Enterprise Company, of Beaumont. In his work it was necessary for him to work with heavy metal forms which weighed 300 to 400 lbs. In the course of his several years of his work for the same employer, he suffered hernias on three separate occasions. The first hernia occurred in 1940, at which time he had an operation, made a settlement with the insurance company and returned to work. This 1940 hernia, although being what is known as a double hernia, apparently was cured and he returned to his work. He continued to do this work until 1944 when he again suffered a hernia, this time on the right side only. Again he was operated upon, was off from work about four months, then went back to the same work without inconvenience or discomfort. He continued to work for the same employer until August 12, 1945, when he fell while standing with one foot on a stool and another on a bench, and suffered another hernia, this time on the right side. He was operated on again by the same surgeon who had successfully operated on him on the two previous occasions, but this time he did not return to work. It is this hernia of August 12, 1945, which is the subject of this litigation.

Appellee did not return to work with the Enterprise Company after the 1945 operation. The operating surgeon advised him not to return to work which would require the heavy lifting which he had been accustomed to doing, further advising that if he returned to heavy work he would probably have a recurrence of the hernia. The operation closed the tear or opening and removed any protrusion existing before the operation was had. The appellee attempted no work until January, 1946, when he began working at a beer parlor, where his work was confined to serving beer and did not require him to lift anything heavy. By September, 1946, he felt unable to continue even this light work and terminated his employment. In November, 1946, the hernia which had been operated on "broke loose" again while he was at home in his bathroom.

The testimony of appellee's physician and that of the operating surgeon, who was called by the insurance company, is lengthy and detailed and is not basically conflicting. From this testimony it is apparent that the tissues in the region where the 1945 operation was performed were necessarily weaker than they would have been in a person who had not suffered two previous hernia operations in the same region. Under the conditions which the operating surgeon found and with the tissues with which he had to work, the operation was as skillfully done and as successful in its result as medical science would have expected. The appellee, however, was not restored by the operation to the physical condition and earning capacity which he enjoyed before he suffered the August, 1945, hernia.

Appellant brings its appeal under seventeen points of error, which present in var-

ious ways its contentions, as it also made in the trial court, that the appellant's duty to the appellee was discharged when it furnished him proper surgical treatment by radical operation, and that since the hernia had been repaired, and the protrusion was removed, the operation was successful and appellee's right of recovery was limited to compensation for 26 weeks; that because the operation provided for appellee by appellant successfully closed the opening of his hernia and removed the protrusion, the operation was a successful one within the meaning of the Workmen's Compensation statute, and his recovery was limited by statute to compensation for 26 weeks; that the appellee's incapacity was not due to his injury or the surgical operation performed, but on the contrary was due to a pre-existing weakness of the tissues in his abdomen, and to an abnormal physical structure of his body; that his loss of earning capacity was not caused by his injury and operation, but by a subsequent strain at his home which constituted an independent intervening cause, for the results of which the appellant is not liable; that after his operation for the 1945 hernia the appellee was cured, and prior to intervention of such independent cause the appellee had no real disability, but at most a potential or speculative disability.

It is apparent from both briefs on file, that an answer to all questions presented in this appeal is to be found in a determination by the court of whether the hernia operation performed upon the appellee in 1945 was successful, within the meaning of that portion of the Workmen's Compensation law regarding hernia found in Article 8306, Section 12b, Vernon's Annotated Civil Statutes of Texas. The appellant argues that in the case of Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, 138, the Supreme Court has determined this question in its favor. In that case, briefly summarized, the employee made claim for injury resulting in hernia, had not been provided an operation, made claim for general injury, and the evidence showed that he had filed a claim describing his injury as the "breaking down of old hernia," but that the so called old hernia was a potential or incomplete hernia, and also that it developed

into a complete hernia because of his injury. The Supreme Court, in its opinion, said that a hernia was described as being a protrusion, and that unless a protrusion followed an injury, no hernia is sustained within the meaning of the Compensation statutes. The appellant argues by analogy that if an employee is held not to have suffered a hernia until there is a protrusion through the abdominal wall, then it follows that when an insurer has tendered and provided a proper surgical operation and such operation completely removes the protrusion, so that the hernia no longer exists, it has discharged its legal liability. We are not in agreement with the argument of the appellant.

Upon authority of the Texas Indemnity Insurance Co. v. Briggs, Tex.Civ.App., 128 S.W.2d 861, and Southern Casualty Co. v. Fulkerson, Tex.Com.App., 45 S.W.2d 152, we hold that the hernia operation, even though it removed the protrusion from the abdominal wall, was not a successful one within the meaning of the statute if the operation did not effect a cure, and if the appellee, after such an operation, was still totally disabled from performing the ordinary duties of a laborer. As pointed out by the late Justice O'Quinn of this court, in the Texas Indemnity Insurance Co. v. Briggs case, supra [Tex.Civ.App. 128 S.W. 2d 862], "the evidence showing and the jury finding that the hernia resulted from the injury, and that the operation, which was had a little more than a month after the injury occurred, 'did not effect a cure', and that appellee suffered total and permanent disability because of the injury—hernia— it is difficult to understand in what way appellee was benefitted by the operation. If the operation 'did not effect a cure', and appellee after the operation was still wholly disabled, we fail to see any evidence of any benefit resulting from the operation—in any event if appellee was totally disabled, which disability was permanent, * * * that was all the law required to entitle him to recover for his disability." "If, after all, he was unable to work, he was in the same condition as before the operation." "The jury found that the incapacity of appellee to do work was not temporary, and that his disability was not partial. We think the

elements of success or of benefit, if any, arising from the operation were reasonably encompassed in these questions." In the Southern Casualty Co. v. Fulkerson case, supra, Justice Critz wrote in the opinion [Tex.Com.App., 45 S.W.2d 156]: "At a trial nearly a year later the jury found on ample evidence that the claimant was totally and permanently disabled from performing labor 'on account of said injury.' The jury had already found that the injury was a hernia. Certainly such a finding was sufficient to constitute a finding that the operation was not a success." "When these findings were followed by a further finding that the claimant has been totally and permanently disabled from performing any labor on account of the injury, they certainly found that he was totally and permanently disabled on account of the hernia, and such findings amount tô a finding that the operation was unsuccessful." We believe these cases are ample authority for holding that when an operation for hernia, as contemplated by the statute, fails to effect a cure and restore the earning capacity of the claimant, lost or diminished by the hernia, such an operation is not successful.

It is believed that this discussion and holding disposes of all points brought forward by the appellant, and they are overruled.

Judgment of the district court is affirmed.