FIRST TEXAS STATE INS. CO. v. HARE.
(No. 7.)

(Court of Civil Appeals of Texas. Beaumont.
Oct. 14, 1915.)

1. INSURANCE ⬯539—HEALTH INSURANCE—
PROVISION FOR NOTICE — VALIDITY — STAT-
UTE.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 5714, providing that a stipulation in a
contract requiring notice of any claim of dam-
ages within less than 90 days shall be void, a
provision of a health insurance policy requir-
ing notice within 90 days from the beginning of
illness was void.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1328–1336; Dec. Dig. ⬯539.]

2. APPEAL AND ERROR ⬯230—ASSIGNMENTS
OF ERROR—ASSIGNMENT IN BRIEF.

An assignment of error outside of the as-
signments in the motion for a new trial, first
presented in the record in appellant's brief, is
too late for consideration.

[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. ⬯230.]

3. NEW TRIAL ⬯108 — NEWLY DISCOVERED
EVIDENCE—CHANGE IN RESULT.

A new trial on the ground of newly discov-
ered evidence will not be granted where such
evidence could not change the result of the ac-
tion.

[Ed. Note.—For other cases, see New Trial,
Cent. Dig. §§ 226, 227; Dec. Dig. ⬯108.]

Appeal from Hardin County Court; W.
W. Dies, Judge.

Action by H. C. Hare against the First
Texas State Insurance Company, continued
after plaintiff's death by his widow, Annie
Hare, for herself and as next friend of her
infant child. Judgment for plaintiff, and de-
fendant appeals. Affirmed.

B. L. Aycock, of Kountz, for appellant. V.
A. Collins, of Beaumont, for appellee.

MIDDLEBROOK, J. This suit was insti-
tuted by appellee, H. C. Hare, against the
appellant, First Texas State Insurance Com-
pany, in the justice court, precinct No. 1,
Hardin county, Tex., for $112, alleging that
said amount was due him under health clause
in policy issued to him in January, 1913. H.
C. Hare died before trial of the case, and by
due course of pleading, on August 7, 1915,
Annie Hare suggested the death of her hus-

band, H. C. Hare, and made herself party plaintiff by order of the court duly entered. The case then went to trial, resulting in a judgment for the amount sued for in favor of plaintiff. Defendant insurance company perfected its appeal to the county court.

In due time and by proper pleadings Annie Hare suggested to the court the birth of a posthumous child, unnamed infant, and son of H. C. Hare, deceased, and by permission of the court, intervened as next friend for said child, and prayed that he be adjudged one-half of the amount sued for. Upon these pleadings the case went to trial in the county court January 5, 1915, and the trial resulted in a judgment for the plaintiff, Annie Hare, for herself and as next friend for her infant child, in the sum of $112 and from this judgment the defendant insurance company perfected its appeal to the First Court of Civil Appeals at Galveston, and the case is now before this court by transfer made by the Supreme Court of Texas.

There is no statement of facts in the record, the case having been tried by the court, and the trial court filed his conclusions of law, and findings of fact, in the case. The contract, among other things, provides:

"Failure on the part of the insured or beneficiary to give written notice to the company, or to the nearest or any other of its convenient local agents within 90 days from the date of any injury, fatal, or nonfatal, or of the beginning of an illness for which claim is to be made, with full particulars thereof; and full name and address of the insured upon regular blanks furnished by the company shall limit the liability of the company to one-fifth of the amount that would otherwise be payable thereunder."

The trial court found that such notice was not given to the appellant company. He further found that on the second day of Hare's sickness, Mrs. Hare called in one W. H. Snow, who was local agent for appellant, and who collected the premiums on the policy sued on from the 13th day of February, 1913, to and inclusive of the 13th day of September, 1913, three or four months of this time being the same time that H. C. Hare was ill, and during much of which time H. C. Hare was unconscious, and for the whole of said time was unable to do any sort of business. He also found that the receipts for such premiums contained the following stipulation:

"Notice: This receipt is not valid for more than one month's premium, or if any change or erasure is made herein; nor will it be valid unless countersigned and delivered by an authorized collector of the company before the expiration of the month named, and dated so as to show the true date of payment of the premium. If said premium is not paid on or before the first of the month above named said policy shall lapse and the liability of the company cease, except as otherwise provided in said policy."

He further found that Mrs. H. C. Hare asked Snow to make a written report to his company on the second day of H. C. Hare's illness, and Snow promised her he would do so, but he did not make such written report.

He also found that H. C. Hare was sick with typhoid fever for a period of 118 days, and that for a period of more than 90 days was unable to attend to any business; and he also found that Drs. Roark and Thomas made written report to the company on its blanks after 90 days from the beginning of Hare's illness. This is a sufficient correlation of the facts for an understanding of the case.

Appellant contends: (1) That the written notice not having been given as stipulated in the contract, the appellee cannot recover more than one-fifth, $22.40, of the amount provided by the policy for the length of time Hare was sick. (2) That a new trial should have been granted by the trial court, because that court erroneously found Snow to be the agent of the insurance company. (3) That a new trial should have been granted on newly discovered evidence. We dispose of the issues in their order.

[1] The stipulation in the contract requiring written notice to be given within 90 days from the beginning of the illness is contrary to our statute, and is therefore void. It limits the time of notice to less than 90 days. Vernon's Sayles' Ann. Civ. St. art. 5714; Casualty Co. v. Nelson, 153 S. W. 674; Telegraph Co. v. Smith, 130 S. W. 622. The trial court found that written notice was given upon the company's blanks in a reasonable time from the beginning of Hare's illness. This being true, we deem it unnecessary to pass upon the proposition of Snow's agency for the company.

[2] There is set up in appellant's brief what he terms his assignment of error outside of the assignments in his motion for a new trial. This is presented for the first and the only time in the record of this case, in appellant's brief, and it comes too late for consideration by this court.

[3] We do not think the assignment of newly discovered evidence requires consideration under our disposition of the case because, if true, and if such evidence had been introduced upon the trial of the case, it could not change the result of this suit.

Our conclusion is that there is no error requiring a reversal of this case, and that it should be affirmed, and it is so ordered.

Affirmed.