**GEORGIA CASUALTY CO. v. GIBSON.**
(No. 10343.)

Court of Civil Appeals of Texas. Dallas.
October 20, 1928.

Rehearing Denied Dec. 1, 1928.

Touchstone Wight Gormley & Price, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

JONES, C. J. This case arose under the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) and the appeal is from a judgment awarding to appellee, John Gibson, the compensation allowed by such law for injuries that resulted in total permanent incapacity. The judgment is against appellant, Georgia Casualty Company, and is the result of a suit filed by it to set aside an award theretofore made to appellee by the Industrial Accident Board on a claim for injuries received while working as an employee of the Kean Lumber Company, whose compensation insurance appellant carried. Appellee answered appellant's suit, and filed a cross-action, in which he sought an award more favorable to him than that given by the Industrial Accident Board. The judgment followed the findings of a jury on special issues submitted by the court. The following is deemed a sufficient statement for an understanding of the issues involved:

Appellee was in the employ of the Kean Lumber Company, and was injured on January 23, 1926. The business of the employer is described in the policy of compensation insurance as that of "lumber yards and business material dealers," and also as "planing and molding mills," with its office and place of business on Beckley street, in Oak Cliff, the city of Dallas. In January, 1926, the Kean Lumber Company was constructing 18 or 20 houses on Twelfth street in Oak Cliff, some distance from its place of business on Beckley street. The material going into this construction was hauled from the lumber yard on Beckley street, and some of this material placed in a shed to await its use in the buildings. Part of the material stored in the shed consisted of window sashes and window weights. Appellee appears not to have been working in the lumber yard on Beckley street, but his employment was to wait upon the carpenters and others in their construction of this building, and to pour concrete used in such construction. His wages were paid by the Kean Lumber Company, sometimes in its office and sometimes at the place he was working. On the morning of the injury appellee was directed to bring 52 window weights from this shed for the use of workmen engaged in the actual construction of these houses. This order appellee complied with by loading the said weights in a wheelbarrow and attempting to roll it from the shed to the place where they were to be used. While rolling the loaded wheelbarrow, it struck some obstacle, with the result that appellee was struck in the groin with great force with one of the handles of the wheelbarrow, from which he received the injuries forming the basis of his complaint. A short while after the injury appellee went to his home, and was treated by a physician. Some time afterwards, estimated by the witnesses to be from one to

three weeks, he again went to work for the Kean Lumber Company and worked for a few weeks. He afterwards worked for a concrete company, and has tried to pick some cotton during the time since his injury. Under appellee's testimony, he was unable to do manual labor, suffering very much on each attempt to do the work. He described his work after his injury as that of merely "piddling around." In picking cotton, he was only able to gather about 30 or 40 pounds a day.

At the time of the trial he claimed to be wholly unable to do anything because of the injury. The testimony of the physician who waited upon him following his injuries is to the effect that appellee is unable to do manual labor, and another physician, who examined him, corroborated this testimony as to his inability to do manual labor. Both of these physicians ascribed his physical condition to the injury he received on January 23, 1926. Another physician who examined appellee at the instance of appellant ascribed his physical condition, not to the injuries complained of, but to an enlarged prostate gland which, in his opinion, could not have resulted from the injury. Appellee testified at length and in much detail to his physical condition for the period of time that had elapsed from the receipt of the injury to the time of trial, and to his attempts to work and his inability to do so, because of the attendant pain and consequent loss of strength. The effect of his testimony is to raise the issue of total incapacity, as that term is used in the Workmen's Compensation Law, and applied by the courts to one incapable of following any avocation other than that of hard manual labor The medical testimony offered by appellee is to the effect that the injury is permanent. The medical testimony offered by appellant is to the effect that no total incapacity resulted from the injury complained of, and, if there is such total incapacity, it resulted entirely from another and different cause than the injury.

The evidence shows that appellee notified his employer soon after the injury was received, but there is no evidence that any notice was given appellant or any claim filed with the Industrial Accident Board, within the statutory time of 6 months, after the date of the receipt of the injury. The evidence of appellee is to the effect that he repeatedly told Mr. Kean, the manager of his employer, that he wanted pay for his injury, and that Mr Kean repeatedly promised him that he should be paid; that, when it became evident to appellee that he would not be paid for his injury, he went to consult an attorney, and then, for the first time, heard that there was compensation insurance; that he is unable to read and write, and did not know there was an insurance

company carrying insurance for the employees of the Kean Lumber Company. A notice and claim in proper form was prepared by the attorney and sent to appellant and to the Industrial Accident Board. This claim bears date of August 12, 1926, about 7⅔ months after the accident.

The insurance policy in question is in the usual form issued for compensation insurance, and its terms conform to all of the requirements of the Workmen's Compensation Law. Item 6 of this policy is as follows:

"This agreement shall apply to such injuries so sustained by reason of the business operations, described in said Declaration which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places."

Under the terms of the policy, the Kean Lumber Company was required to report all employees, included as beneficiaries within said policy, to appellant. The policy also provides that, if any operations should be undertaken by the Kean Lumber Company that are not described or rated in the declaration, the lumber company should pay premiums thereon at the time of the final adjustment between it and the insurance company.

Appellant alleged in its petition as grounds for setting aside the award of the Industrial Accident Board in favor of appellee that appellee was not an employee of the Kean Lumber Company, and that the work in which he was engaged at the time of his injury was not within the provisions of the insurance policy. In a supplemental petition, in reply to the cross-action filed by appellee, it answered by general demurrer and general denial, and again affirmatively pleaded, as a defense to the cross-action, that appellee was not such an employee of the Kean Lumber Company as made him a beneficiary under the policy, and that no premium had ever been paid by the lumber company to cover appellee as such employee. Appellant further pleaded that its policy issued to the Kean Lumber Company only covered mill workers, lumber yard workers, and workers engaged in delivering lumber for said company, and did not cover any person or persons working for the Kean Lumber Company in the construction of houses. It was also alleged as a further defense that appellee failed to make claim for compensation for his alleged injuries within six months from the date of its occurrence. Appellee's pleading was a sufficient basis for the submission of all of the issues given in charge by the court.

The findings of the jury on the special issues were all favorable to appellee, and we believe are all sustained by the evidence,

though, on all of the material contested issues, the evidence was in sharp conflict. These findings are adopted as the findings of this court. Such findings are to the effect that, at the time of his injury, appellee was engaged in labor connected with his employment and work as an employee of the Kean Lumber Company; that he was totally and permanently disabled by the injuries received; that no manifest hardship and injustice will result to appellee if compensation due him is not paid in a lump sum; that appellee did not fail to give notice of his injuries to his employer within 30 days from the date of his injuries; that appellee did not file his claim for compensation with the Industrial Accident Board within 6 months from date of his injury; that good cause exists for appellee's failure to file his claim for compensation with the Industrial Accident Board within 6 months from the date of his injury.

Special issues Nos. 1, 2, and 8 are involved in the issues raised on this appeal, and, for a better understanding of these issues, they are given as submitted by the court:

(1) "At the time John Gibson sustained his injuries, if any, was he engaged in the performance of labor necessary, incident to, or connected with his employment and work as an employee of the Kean Lumber Company?"

(2) "Was John Gibson totally and permanently disabled by the injuries, if any, sustained by him on January 23, 1926?"

(8) "Does good cause exist for John Gibson's failure, if he did fail, to file his claim for compensation with the Industrial Accident Board within the six months from the date of injuries, if any?"

Appellant, in its motion for a new trial, assigned as error (a) refusal of the court to grant its motion for peremptory instructions; (b) error in the manner in which special issue No. 2 was submitted, because it combined the issue of total disability with that of permanent incapacity, the evidence being in dispute both as to whether the injury resulted in total incapacity and as to whether it was permanent; (c) because the finding of the jury on special issue No. 2 is not supported by any evidence; (d) because the finding of the jury on special issue No. 2 is against the preponderance of the evidence; (e) error in the manner of submitting special issue No. 8, because the submission does not confine the issue, as to the existence of good cause, to the ground alleged in appellee's pleading.

■ These are all the errors assigned in the motion for a new trial and called to the attention of the trial court. Appellant filed in the lower court 52 assignments of error, and urges a consideration of these assignments upon this court. Among these assignments are those assigned in the motion for a new trial, substantially in the form they are presented in such motion. None of these assign-

ments point out fundamental error, and hence none of them will be considered, except those assigned in the motion for a new trial. City of San Antonio v. Bodeman (Tex. Civ. App.) 163 S. W. 1043; Edwards v. Youngblood (Tex. Civ. App.) 162 S. W. 1164; Lakeside Irr. Co. v. Buffington (Tex. Civ. App.) 168 S. W. 21; First Texas State Ins. Co. v. Hare (Tex. Civ. App.) 180 S. W. 282; Cole v. Knights of Maccabees of the World (Tex. Civ. App.) 188 S. W. 699; Thorne v. Dashiell (Tex. Civ. App.) 189 S. W. 986.

■ Did the court err in overruling the motion for an instructed verdict in favor of appellant? This motion is based on the ground that the undisputed evidence, as to the character of work appellee was doing at the time of his injury, conclusively shows that he was not an employee covered by the policy in suit. It is true, as contended by appellant, that appellee does not come within any of the special enumerated classes of employees mentioned in the policy, and that no premium covering appellee as a beneficiary employee of the Kean Lumber Company was ever paid. It is likewise true that the policy, by its terms, does not restrict the beneficiaries under it to the specially enumerated classes of employees. Paragraph 6, quoted above, clearly indicates that any employee of the Kean Lumber Company engaged in work necessary, incident to, or in connection with, the operations of the Kean Lumber Company as owner of a lumber yard and a planing mill, is a beneficiary employee. In the instant case, the testimony is to the effect that the Kean Lumber Company was itself constructing these houses on Twelfth street; that it was using therefor material from its lumber yard, and was delivering same from the lumber yard for the use of the workmen actually engaged in the work of construction. The window weights that appellee was delivering to these workmen when he received his injuries had been hauled from the lumber yard to a shed to await the time for their use in the construction for a completion of the delivery, and it was actually in completion of this work of delivery from the lumber yard that appellee was doing when he was injured. We think the court would have been authorized to have construed the contract of insurance to cover employees engaged in completing this delivery. But the court submitted the issue to the jury, by special issue No. 1, and certainly the jury's finding is sustained by the evidence. The motion for peremptory instruction was properly refused.

■ Was there error in the form in which special issue No. 2 was submitted? It is urged by appellant that, as the issue of total incapacity is sharply contested by evidence, and as the issue of the duration of this injury is also sharply contested, it was error for the court to combine these two contested

Issues in one submission, and that to do so renders the submission duplicitous. If this be true, an error was committed. The Workmen's Compensation Law names several units as a basis for fixing the amount of an award of compensation. One unit named is that of total permanent incapacity, and the amount of the award for such an injury is definitely fixed. Such an injury is also the unit for allowing a lump sum payment, in lieu of weekly payments, provided a manifest hardship and injustice would result to the injured employee, if such lump sum payment be not allowed. Because the law makes total permanent incapacity a single unit in fixing the amount of an award, we believe the submission is not subject to the criticism that it is duplicitous. Aside from this, we do not see how appellant could have been injured, for, if the jury believed that the injury was not total, an answer by the jury must necessarily be in the negative; or, if the jury believed the injury was not permanent, a negative answer must be given, and such answer, in either instance, would destroy this statutory unit as a basis for fixing an award. In issues not passed on by the jury because of the finding on special issue No. 2, the question of a partial incapacity is submitted, The attention of the jury was thus specially directed to the issue of partial incapacity, and it must have understood that a negative answer to special issue No. 2 would not necessarily defeat any award for an injury not resulting in total incapacity. We therefore overrule the assignments of error in reference to this issue.

Was there error in the manner in which special issue No. 8 was submitted to the jury? There were specific grounds alleged in appellee's cross-action to excuse his failure to file his claim with the Industrial Accident Board within the statutory 6 months from the happening of the injury. These grounds were that appellee was an ignorant, uneducated negro, unable to read, did not know of the existence of the Workmen's Compensation Law, and did not know that his employer carried compensation insurance. There was the further ground that from time to time during this 6-month period he was promised remuneration by his employer's manager, and did not consult an attorney sooner. It was error for the court in submitting special issue No. 8 not to restrict such submission to the grounds alleged in appellee's cross-action, but, in view of the fact that the evidence does not suggest the existence of any reason other than alleged in the cross-action, and that the jury could not possibly have considered any other than the alleged reason, we have concluded that this error was harmless. We do not think the case of Texas Employers' Insurance Association v. Martin (Tex. Civ. App.) 296 S. W. 639, authority against the holding in the instant case that the error in the submission was harmless. In the reported case, the issues submitted were similar to the submission in the instant case, in that it did not restrict the consideration of the jury to the allegation of good cause in the pleading, and such submission was held to be a reversible error. This holding, however, as we understand the case, is based on the fact that the injured employee in the reported case, not only testified to the existence of the ground alleged in his petition, but also testified to the existence of a ground of good cause not alleged in his petition, and it could not be determined that the verdict was based solely on the alleged ground. As we have seen in the instant case, there is no evidence raising the issue of any other ground than the one alleged. The assignment of error on this issue is overruled.

It necessarily follows, in our opinion, that no reversible error has been committed, and that this case should be affirmed.

Affirmed.