## TEXAS EMPLOYERS' INS. ASS'N v. EATON et al.
## No. 2961.

Court of Civil Appeals of Texas. El Paso. March 22, 1934.

Rehearing Denied March 29, 1934.

Shelby S. Cox and Lawther, Cox & Cramer, all of Dallas, for appellant.

Paul Moss, of Odessa, for appellees.

PELPHREY, Chief Justice.

Prior to the month of August, 1931, the Wink Gravel & Clay Company was engaged in mining rotary clay near Findlay, Tex. During August the financial condition of the company was such that it was unable to finance the mining and handling of its product. Among its other creditors was the Citizens' National Bank of Odessa. The Dunnigan Tool & Supply Company, who were engaged in selling oil field machinery, in order to supply certain orders it had for rotary clay, agreed with Henry Pegues, president of the Citizens' National Bank and with the owner of the Wink Gravel & Clay Company, to advance the money necessary to pay the cost of the labor required to produce the clay to fill said orders. The money was advanced to Mr. Pegues, who was to act as paymaster of the labor.

Mr. Pegues acted in this capacity from August 1 until November 5, 1931.

About December 1, 1931, Perry Howard, store manager for the Dunnigan Tool & Supply Company at McCamey, Tex., asked Mr. Pegues to get some one to load a car of clay for the Dunnigan Tool & Supply Company at Findlay, Tex. Mr. Pegues, on being unable to get in touch with a trucker at Findlay, went to Wink and arranged with O. M. Hodges, who had previously worked for the Wink Gravel & Clay Company, to go to Findlay and load the clay. Hodges employed Nathan Kirby and appellee to assist him in loading the car.

While they were returning from Findlay to Wink at a point between Pecos and Barstow, the truck they were riding in collided with a house car, and appellee was injured.

Appellee presented his claim to the Industrial Accident Board, who denied his claim.

In due time he filed this suit in the district court for the 109th judicial district to set aside such award.

Appellee alleged that he was an employee of the Dunnigan Tool & Supply Company, subscribers under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), and that he received personal injuries on December 5, 1931, while in the course of his employment.

Appellant in answer denied that appellee was an employee of the Dunnigan Tool & Supply Company, and, in the alternative, alleged that, if he was such employee, such employment was not in the usual course of the trade, profession, or occupation of the Dunnigan Tool & Supply Company.

In response to special issues, the jury found: (1) That appellee sustained an accidental injury on or about December 5, 1931;

(2) that at such time he was an employee of the Dunnigan Tool & Supply Company; (3) that he sustained such injuries while in the course of his employment; (4) that such injury resulted in the total incapacity of appellee; (5) that such total incapacity is permanent; (6) that the Dunnigan Tool & Supply Company had actual notice of appellee's injuries within thirty days from December 5, 1931; (7) that the extent of his injuries was unknown to appellee prior to September 8, 1932; (8) that up to that date he believed them to be temporary and trivial; (9) that hardship and injustice would result unless the compensation is paid in a lump sum; (10) that the loading of the car of clay on December 5, 1931, was within the usual course of the trade, business, profession, or occupation of the Dunnigan Tool & Supply Company; (11) that O. M. Hodges was employed by the Dunnigan Tool & Supply Company on or about November 5, 1931; and (12) that the Dunnigan Tool & Supply Company had a right to direct the manner and method in which Hodges loaded the car of clay.

It having been admitted by appellant that the average daily wage applicable to the case was $3.50 per day, the court rendered judgment in favor of appellee for the sum of $4,320.50.

This appeal has been prosecuted from that judgment.

### Opinion.

■ Appellant's fourth and fifth assignments of error assail the submission of special issues Nos. 7 and 8. They read:

"Special Issue No. 7: Do you find from a preponderance of the evidence that the extent of the injuries, if any, of C. V. Eaton, was unknown to him prior to September 8, 1932?"

"Special Issue No. 8: Do you find from a preponderance of the evidence that C. V. Eaton believed his said injuries, if any, temporary and trivial until September 8, 1932?"

Appellant objected to the submission of the said issues on the ground that they were merely evidentiary and not of ultimate facts upon which judgment could be based. With this contention we must agree. The ultimate fact which gave the court jurisdiction and appellee a right to now maintain his suit (it being admitted that he had failed to file his claim within six months from the date of his injury) was whether he had shown good cause for his failure to file his claim prior to the date he did file it.

The existence of the facts inquired about in the issues complained of would, at most, be only evidentiary as to the existence of good cause. From such facts the jury might have concluded that appellee had good cause for the delay in filing his claim, but, certainly, the mere existence of those facts would not show good cause as a matter of law.

■■ There is no finding that appellee had good cause for not filing his claim prior to September 8, 1932, and therefore a want of sufficient findings to support the judgment rendered. Ocean Accident & Guarantee Corporation v. Pruitt (Tex. Com. App.) 58 S.W. (2d) 41; Holloway v. Texas Indemnity Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75.

The issue as to the existence of good cause being an ultimate one and one necessary to appellee's cause of action, there will be no presumption that the court found the facts to be sufficient to show such good cause. Speer on Special Issues, §§ 301 and 302, pp. 417, 418; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ Appellant also complains of the trial court's refusal to instruct a verdict in its favor on the ground that it was uncontroverted that appellee was not an employee of the Dunnigan Tool & Supply Company; that, if he was an employee of the Dunnigan Company, it was uncontroverted that his employment was not within the usual course of the trade, business, occupation, or profession of the Dunnigan Company; and that, it being uncontroverted that appellee failed to file his claim within six months after his injury, and having failed to plead or prove a good cause for such failure, the court was without jurisdiction of the cause.

In view of the fact that the judgment must be reversed because the findings are insufficient to support the judgment, we shall not here discuss the evidence on these phases of the case. The facts, however, in our opinion, are sufficient to warrant the submission of the issue of whether appellee was an employee of the Dunnigan Company to the jury.

The question presented as to the reading of an interrogatory, and its answer to the jury after it began its deliberations, calls for no discussion, as it will probably not occur on another trial.

Neither shall we discuss the questions as to whether certain findings of the jury are contrary to the great weight of the evidence.

For the reason heretofore stated, the judgment will be reversed, and the cause remanded.