## GENERAL INS. CORPORATION v. HUGHES et al.

### No. 13668.

Court of Civil Appeals of Texas. Dallas.

Feb. 8, 1946.

Rehearing Denied March 8, 1946.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for relator.

White & Yarborough, of Dallas, for respondents.

YOUNG, Justice.

This is an original proceeding in mandamus by General Insurance Corporation against H. L. Williams and the Honorable Sarah T. Hughes, Judge of the Fourteenth District Court, Dallas County, respondents, seeking issuance of a writ directing said judge to complete the trial of Cause No. 87,969 D/A, styled H. L. Williams v. General Insurance Corporation, pending on the docket of that court, by causing to be entered a judgment against relator (defendant below) in accordance with verdict of the jury.

Aforesaid cause was one arising under our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.; and though the question of law presented by petition and briefs involves only jury findings 1 to 6, 12c and 12d, the gist of all issues requiring jury answers will be first stated, numbered as in the court's charge: (1) Claimant Williams sustained accidental injury on or about June 28, 1944; (2) such injury was received by H. L. Williams in the course of his employment by Richardson Box & Mfg. Co.; (3) such injury naturally resulted in incapacity of Williams; (4) such incapacity commenced June 29, 1944; (5) such incapacity was total; (6) was not permanent, but temporary; (7) period of such total incapacity was 16 weeks; (8) said period of total incapacity was followed by partial incapacity; (9) which was temporary; (10) continuing 66 weeks; (11) the extent or degree of such partial incapacity was 25 per cent.; (12) H. L. Williams did not suffer incapacity solely as a result of disease; (12a) he did not suffer incapacity since June 28, 1944, solely as a result of an injury suffered prior to June 28, 1944; (12b) he did not suffer incapacity solely as a result of a congenital condition; (12c) a part of the incapacity since June 28, 1944, was caused by an injury received in March 1943; (12d) the extent of incapacity caused by the injury of March 1943, was 50 per cent. Issues 13, 14, 15, 16 and 17 are immaterial to this discussion; the answer to issue 18 establishing $30 as claimant's average weekly wage.

Later, plaintiff's motion alleging a conflict in above findings was sustained, the court's order reciting in part: "that on account of the conflicting answers of the jury to issues 1, 3, 5 and 12c submitted to it, which conflicting answers cannot be reconciled, a mistrial is declared * * *."

Relator by this proceeding assumes the burden of establishing that no such conflict exists; praying that Judge Hughes be directed to perform the ministerial duty of rendering judgment in the amounts above definitely determined by the jury; plaintiff's said judgment to then stand subject to the court's further orders. It is apparent from the verdict, motion and court order, that the only action requested of and taken by the trial court was the judicial determination of conflict, if any, in the jury findings with respect to facts essential to the rendition of a final judgment. The case is therefore ruled by Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731, and authorities there cited. The proceeding is upon transcript only—no statement of facts.

Plaintiff's pleading sought compensation for total and permanent incapacity following injuries allegedly sustained on June 28, 1944, while "lifting and attempting to lift 100 pounds of nails"; or, in the alternative, for such lesser disability as the facts might warrant. Insurer, following general denial, pled amounts already paid ($320); that any incapacity was only partial and temporary; was solely due to natural causes, either disease or congenital; and, by trial amendment, that a previous injury contributed to the present incapacity, if any.

■ Of course, the plaintiff being accorded similar rights, a defendant is entitled to an affirmative submission of all issues raised by pleading and evidence, inclusive of the defense explicit in sec. 12c, Art. 8306, V.A.C.S., providing: "If an employé who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employé had there been no previous injury." In this connection we may well assume that the accident of March 1943 (mentioned in question 12d) constituted a "previous injury" as contemplated by sec. 12c, with evidence in support, otherwise the related issues would not have been submitted.

■ It is the contention of Williams that his suit was based on an injury sustained June 28, 1944, issues 1 to 7 distinctly and separately submitting the question of such injury and its effect; and the jury having found the effect of the 1944 injury to be 100 per cent. total incapacity, their later finding that a former injury caused 50 per cent thereof was necessarily in irreconcilable conflict with the primary findings above mentioned. The fallacy of respondent's argument lies in the assumption that under issue 3 his *entire* incapacity was a result of the last injury; in other words, that the 1944 injury was the *sole* cause of present disability. No such burden is imposed on claimants under compensation laws, and in no instance do the primary issues on behalf of a claimant seek to establish such result. The accident and injury alleged must simply be the producing cause, and there may be more than

one producing cause of disability. Texas Ind. Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026. From a reconciliation of all issues and answers, the jury merely finds that H. L. Williams, before June 1944, was 50 per cent disabled in respects shown by the evidence, due to a former injury, which the later injury augmented to a condition of full temporary incapacity, as found by them. Otherwise stated, that on June 28, 1944, Mr. Williams possessed only a 50 per cent industrial capacity upon which the second injury could have been imposed; and "Where the combined effect of the previous injury and the subsequent injury is to increase the incapacity of the employee beyond that which would have resulted from the subsequent injury alone, the statute would operate." Hartford Accident & Indemnity Co. v. Leigh, Tex.Civ.App., 57 S.W.2d 605, 607.

We have examined numerous cases involving the defense of previous injury under subd. 12c, all submitting claimant's issues in substantially the same form as here. See Texas Employers Ins. Ass'n v. Pugh, Tex.Civ.App., 57 S.W.2d 248, for example. An investigation of the disposed of record in the Pugh case reveals that issue 5 reads: "Do you find from a preponderance of the evidence that such total incapacity, if any, sustained by W. L. Pugh on or about August 26, 1930, naturally resulted from the injuries, if any, received by him on said date? * * * Answer: Yes"; and defensive issue 16 is as follows: "What percentage of the incapacity, if any, suffered by plaintiff since on or about August 26, 1930, do you find from a preponderance of the evidence to be the result of the injury to his foot in 1915? * * * Answer: 15 per cent." The question of conflicting findings being raised by defendant insurer, attorneys for plaintiff Pugh (now counsel for respondent) urged and demonstrated the absence of any fatal inconsistency; which ruling of this court approving a method of submission almost identical with that followed in the case at bar, would appear controlling of the question here presented.

Relator is entitled to the relief sought. However, anticipating that Judge Hughes will in due course enter an order in accordance with the conclusion just stated, it is not deemed necessary to direct issuance of the writ prayed for.