## ZELLERBACH v. ASSOCIATED EMPLOYERS LLOYDS.

### No. 11839.

Court of Civil Appeals of Texas. Galveston.
Feb. 27, 1947.

Rehearing Denied March 27, 1947.

Mandell & Wright, of Houston (Elias Gatoura and Herman Wright, both of Houston, of counsel), for appellant.

Chilton Bryan and David Bland, both of Houston (Bryan & Bryan, of Houston, of counsel), for appellee.

GRAVES, Justice.

This is a workmen's compensation case, tried before a jury. After appellant, the employee, had concluded his case, the trial court, upon its motion therefor without tender of any testimony in its own behalf, instructed a verdict in favor of the appellee, insurance company, and rendered judgment that appellant take nothing by his suit.

Appellant challenges that action so adverse to him below upon a single point of error, to the effect that the evidence raised fact-issues over whether or not he had sustained an accidental injury in the course of his employment that resulted in a compensable disability to him under the Workmen's Compensation Law of Texas. Vernon's Ann.Civ.St. art. 8306 et seq.

In reply here, the appellee, as it also did to the satisfaction of the trial court— to state it in its own language—presents this: "The undisputed evidence establishes that any disability, if any, appellant is now suffering is the sole result of a prior industrial compensable and accidental injury, joining with the undisputed congenital malformation, suffered by the appellant while in the employ of others than the insured of appellee insurance company."

The rule of law that must be applied by this court to such sole controversy has been repeatedly stated to this effect:

"In determining whether or not an instructed verdict should have been given, all testimony in the case must be considered in its most favorable light to the one against whom the instructed verdict is sought; conflicts will be disregarded, and every reasonable intendment deducible from the evidence must be indulged in his favor." Standard Accident Ins. Co. v. Andreason, Tex.Civ.App., 183 S.W.2d 581, 582. Accord: Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Blake v. Pure Oil Co., 128 Tex. 536, 100 S.W.2d 1009, 1014(9).

After a painstaking review of the statement of facts, in the light of the quoted pronouncement, it seems clear to this court that such issues of fact were raised, hence that appellee's earnest contention throughout its brief and arguments to the contrary, cannot be sustained; indeed, there seem to be sufficient direct facts testified to by appellant's witnesses to constitute material elements of fact upon which the jury might have found in his favor.

A brief resume of the more material of those indicated features is thus made:

(1) There was direct testimony from appellant himself and by two of his fellow-workmen, who were his own employees, respectively, to the composite purport, that on March 9 of 1945 he was accidentally hit, while in the due course of his employment, in the warehouse of his employer, by a sack of beans weighing 110 pounds having fallen upon him from a height of something like 20 feet, hitting him on the head and knocking him to the ground; that he was picked up and held up until carried to a doctor; that he was injured by the fall to the extent that he was unable to return regularly to his employment, but, after unsuccessful attempts, was later sent to a hospital by his company's doctor; that

such physician, after attending him in the hospital, had a back-brace placed on him, which he had continued wearing (under that doctor's advice to keep it on) until the time of this trial below.

(2) That thereafter, although suffering all the while from aches and pains, and doing intermittent forms of different and lighter work than his regular employment, up until about November 5 of 1945, he then worked for about a month for an insurance company, but was in December let out because the pains in the region of his back prevented his continuing; that he subsequently undertook similar light work for another insurance company for about four weeks, up to the time of this trial, suffering all the intervening time from disabling back-aches, irritability, and nervous troubles, which he had not had prior to the injury of March 9 of 1945.

(3) Both Drs. Bruhl and Van Zant, while testifying that they found evidence of a pre-existing injury the appellant suffered about 1937, and which, as indicated supra, the appellee contends was the sole and exclusive cause of any disability the appellant had ever suffered, neither of them, in final sum, testified to any such effect; but, contrarily, when their medical testimony in its ultimate reaches is appraised, it is found to be in substantial support of appellant's position that he did sustain compensable disability as a result of the March 9 of 1945 injury he declared upon as the basis of this suit.

That is, while one or both of these physicians testified that appellant had a congenital malformation in his spine, as well as unmistakable evidences of a prior injury to him in about 1937, neither of them, although catechized upon that feature, gave it as his opinion that either such malformation, or the 1937 injury, had been the sole cause of the appellant's disability at the time of this trial; indeed, quite the contrary, each of them plainly stating it to have been his overall finding and conclusion that appellant had suffered an additional and further disabling injury on March 9 of 1945.

(4) Appellant himself and the other two witnesses named above, so detailed and described his accident and the injury entailed thereby of March 9 of 1945, that it was an easy if not an inevitable inference for the jury to make that it at least added to, accelerated, or revived any injurious or incapacitating effects that might have lingered with him from his prior injury of 1937; the appellant himself, however, positively testified to his complete recovery from the prior injury of 1937, which he admitted he had received, and produced much corroborating testimony to the effect that for 7½ years thereafter and up until the receipt of his second injury on March 9 of 1945, he had suffered no incapacity to do the heavy work he was doing at the time of his second accident and alleged injury herein declared upon, but had to all practical purposes recovered therefrom.

█ In the view this court must take, after its survey of the whole body of the testimony, it is deemed unnecessary to further review the same; this for the compelling reason that the appellee's sole defense failed when it was unable—as against the conclusive testimony to the contrary referred to—to show that either the pre-existing diseased condition of the appellant, or his 1937 injury, or the combined effect of them both, had been the sole cause of his testified-to incapacity at the time of this trial from his later 1945 accident.

█ Our authorities are a unit in holding that such a pre-existing condition neither defeats a claimant's right to subsequent compensation for alleged new incapacity, nor reduces the amount recoverable therefor, unless the pre-existing condition has been shown to have been the sole cause of the employee's present incapacity. Traders & General Ins. Co. v. Watson, Tex. Civ.App., 131 S.W.2d 1103, 1106, and authorities there cited; 45 Tex.Jur., 492-494; Texas Indemnity Ins. Co. v. Warner, Tex. Civ.App., 159 S.W.2d 173, 176, error refused; Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026; General Ins. Corp. v. Hughes, Tex.Civ.App., 193 S. W.2d 230, 232; Texas Indemnity Co. v. McNew, Tex.Civ.App., 90 S.W.2d 1115, error refused; Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, writ of error refused; 45 Tex.Jur. 627.

Further discussion is deemed unnecessary; these conclusions require a reversal of the appealed-from judgment, and the remanding of the cause for another trial; it will be so ordered.

Reversed and remanded.