### SAFETY CASUALTY CO. v. LINK.
#### No. 4496.

Court of Civil Appeals of Texas. Beaumont. Texas.

Feb. 5, 1948.

Rehearing Denied March 17, 1948.

Jack Vickrey, of Beaumont, for appellant.

J. R. McDougald and John L. Bell, both of Beaumont, for appellee.

MURRAY, Justice.

This is a suit under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., in which the appellee, Richard V. Link, recovered judgment against appellant, Safety Casualty Company, for total and permanent disability in the District Court of Jefferson County. Appellee alleged that he received an accidental injury in the course of his employment by Magnolia Petroleum Company on July 2, 1945, that such injury resulted in total disability from and after January 8, 1946, that he filed his claim for compensation with the Industrial Accident Board on May 30, 1946. He also alleged certain facts which he alleged to constitute good cause for failure to file his claim within six months after the date of his injury, and the appellant denied under oath the truth of the facts presented as constituting good cause and also denied that good cause existed. The case was tried to a jury and at the conclusion of appellee's testimony, appellant filed a motion for an instructed verdict, alleging that the appellee had failed to show good cause for his failure to file his claim within the statutory time. This motion was overruled by the court. After the verdict of the jury was received, the appellant moved the court for judgment non obstante veredicto, which motion was overruled. Judgment was entered for appellee for a lump sum, the appellant's amended motion for a new trial was overruled and it has perfected its appeal to this court.

Appellant's first point is that the appellee was required by law not only to show good cause for his failure to file claim within six months after his alleged injury, but he was required to show continuing good cause from January 2, 1946 (the date which was six months after the date of his alleged injury) until May 30, 1946, when he filed his claim; it says that the evidence, taken most strongly in favor of appellee, wholly fails to show continuing good cause. Appellant's second point is that the court erred in submitting special issues Nos. 41 and 46 over its timely objection; that such issues call for a conclusion of law on the part of the jury to the effect that continuing good cause existed from April 26, 1946 until May 30, 1946, without having limited the jury to facts pleaded and proved as constituting good cause between such dates. Appellant's third point in regard to the refusal of the court to submit a special issue requested by it has been abandoned by the appellant at the time of submission of this cause. Its fourth point is that the findings of the jury on the issues submitted on good cause are unsupported by any evidence, but are contrary to the uncontroverted evidence, or at least against the great weight and preponderance of the evidence. Appellant's fifth point is that the court erred in overruling its exception No. 1 to the appellee's petition, contending that the appellee failed to "plead facts sufficient to show good cause for not filing claim within the statutory period of six months and continuing to the date claim was actually filed". It is noted that after the appellant had abandoned its third point his four remaining points before this court are concerned with the question of good cause for failure to file claim within six months after injury and continuing good cause from the end of such six month period to the date of the filing of the claim. The appellant attacks the sufficiency of appellee's pleading of good cause, the sufficiency of the evidence to warrant the submission to the jury of the issues presenting good cause, the manner of submitting certain issues involving good cause, and the sufficiency of the evidence to support the findings of the jury on good cause.

■ We consider first the question of the sufficiency of pleading, which is assailed in appellant's point No. five. The appellee's petition alleged that he did not file his claim within six months from the date of the injury, but that he did have good cause for such failure, that such good cause was continuous and existed at all times from the date of the injury, July 2, 1945, to the time he did file his claim May 30, 1946, and that: immediately following the injury on July 2, 1945 he consulted his

employer's physician, Dr. Williams, and was then and there advised that said exposure of July 2, 1945 had resulted in no injury; that the incapacity was trivial and of short duration; that no physical incapacity or loss of earnings would result; that appellee believed such statements and relied thereon and he returned to work until January 8, 1946 with no appreciable loss of time from his work; that he continued to consult said physician and also another physician of his employer, Dr. English, and was advised that his trouble was due to a cold wholly disconnected with and unassociated with his injury, that he should continue to work and that a complete recovery would follow, all of which was relied upon and believed by him, his incapacity being progressive and slow in developing; that in December, 1945 and on January 8, 1946 he was again advised by said physicians that his disability was not associated with the injury, and was referred to Dr. Fortney, who advised that appellee was suffering from asthma, that he should lay off from work and rest, and said physician arranged for appellee to draw sickness insurance benefits; thereafter said physician advised him to move to a higher climate where a complete cure of asthma would be effected, that said physician during all such period advised him that he would have no permanent incapacity, that same was temporary and said sick benefits would continue to be paid him; relying on such statements he was induced to believe that such disability was due to asthma not attributable to his injury and that a complete cure would be effected. He moved to a higher climate in a rural area and continued to follow and rely upon advice of said physician and during April, 1946 he returned to his employment; being unable to continue in such work he went to a physician of his own selection about April 19, 1946 and was treated and examined by him on several occasions in May, 1946; that such physician advised him that his physical condition and incapacity was the result of his exposure on July 2, 1945; that during May, 1946 he was again advised by Dr. Fortney that he had no compensable injury; that nevertheless he did with due diligence and dispatch, taking into consid-

eration all facts and circumstances, write to the Industrial Accident Board at Austin for proper claim blanks; that when he received such blanks from the Board he secured an attorney and through such assistance filed his claim on May 30, 1946; he further alleged that "in each and all of the matters above alleged" he exercised such diligence as a person of ordinary prudence, mindful of his own interest, would have exercised under the same or similar circumstances; and that during the interim from July 2, 1945 until May 30, 1946 good cause existed during all such time for his failure to file his claim. The appellant's exception was that "this court has no jurisdiction over the subject matter of this suit, because it appears from plaintiff's allegations that claim for compensation was not filed with the Industrial Accident Board of the State of Texas within six months as required by law, and the allegations of said petition are not sufficient to show good cause, but negative good cause and of this exception the defendant prays judgment of the court". The appellant relies upon the case of Odom v. Industrial Insurance Company of North America, Tex.Civ.App., 111 S.W.2d 1143. In view of the promulgation of the present Texas Rules of Civil Procedure, and especially Rule 91 thereof, since the above opinion was written, we believe that the appellant's contention must be overruled. An exception to pleadings similar to that urged here is considered by the Supreme Court in Kelly v. Wright, 188 S.W.2d 983, and such type of exception was condemned as not specifically pointing out the manner in which the petition was insufficient. On the authority of Kelly v. Wright, supra, appellant's fifth point is overruled.

 Points one and four, concerning the sufficiency of the evidence on good cause, will be considered together. The appellee was injured while at work at the refinery of the Magnolia Petroleum Company on July 2, 1945 when he breathed gas and acid fumes. After breathing the fumes on that date his chest and lungs tightened up, his breathing was impaired and he felt tightness and pain in his chest. He reported to the company doctor, Dr. Williams,

who told him he did not think it would amount to anything. That night he was still choked up and could not rest. On July 5th or 6th, 1945 he again consulted Dr. Williams who advised him he thought it would clear up within a few days. He continued to work, felt like he had a bad cold all the time. He continued in his employment until January 8, 1946. In its brief appellant makes the following statement: "Appellant concedes that the plaintiff, by his testimony, raised a jury issue of good cause continuing down to January 8, 1946, for although plaintiff suffered immediate pain and discomfort as a result of the injury and gradually became worse, the effects were not manifest until total disability occurred on January 8, 1946. He was able to continue in his employment without substantial loss of time and resulting loss of wages which is the thing the law compensates. Furthermore he was under the care of his employer's physicians, who did not discover the seriousness of his injury and held further hopes of immediate recovery until X-rays were taken on January 8, 1946". The appellee testified in substance that he moved to a farm near Woodville shortly thereafter, that he thought his trouble was temporary and that after three or four months he would get better and could go back to work. He testified that the first time he thought that he had any claim for compensation was when he saw Dr. Ferguson, a physician of his own choosing, between the 21st and 25th of April; that he learned for the first time from Dr. Ferguson that his condition was related to his exposure to the gas fumes while at work in July, 1945. He testified that he was in bed most of the time in May. He wrote to the Industrial Accident Board for claim blanks on May 20th and it was about a week after he received the claim blanks before he was able to come down to Beaumont and see his attorney. There are some contradictions in the testimony of the appellee, but it is well settled that in considering such testimony on a motion for directed verdict and for motion for judgment non obstante veredicto, such contradictions must be resolved in favor of the party against whom such motions are urged. Texas Employers Insurance Association v. Ferguson, Tex.Civ.App., 196 S.W.2d 677, and cases cited therein; Zurich General Accident & Liability Insurance Co., Ltd., v. Lee, Tex.Civ.App., 135 S.W.2d 505; Dean v. Safety Casualty Co., Tex.Civ.App., 190 S.W.2d 750. In the recent case of Hawkins v. Safety Casualty Co., Tex.Sup., 207 S.W.2d 370, 372, not yet reported [in State reports], the Supreme Court held that "the term 'good cause' for not filing a claim for compensation is not defined in the statutes, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts." The opinion in that case further pointed out that "the law is well settled that a bona fide belief of a claimant that his injuries are not serious but trivial is sufficient to constitute good cause for delay in filing a claim. It also has been held a number of times that the advice of a physician, upon whom a claimant relies, that injuries are not of a serious nature, but are temporary or trivial, is sufficient to justify claimant's delay until he learns, or by the use of reasonable diligence should have learned, that his injuries are serious". In this case the Supreme Court also held that "a reasonable time should be allowed for the investigation, preparation and filing of a claim after the seriousness of the injury is suspected or determined. No set rule could be established for measuring diligence in this respect. Each case must rest upon its own facts. * * * These delays subsequent to the visitation of knowledge of the true facts, and the delay prior thereto, are ordinarily elements of prudence to be considered by the jury or the trier of facts in finally determining the question of good cause". We believe under this authority that the trial court was not in error in overruling the appellant's motion for directed verdict and its motion for judgment non obstante veredicto, thus holding in effect that the evi-

dence was sufficient to warrant the submission to the jury of special issues presenting the question of the existence of good cause from January 8, 1946 to May 30, 1946, when the appellee filed his claim, and that such evidence was sufficient to support the findings of the jury thereon.

Special issues Nos. 41 and 46, about which the appellant complains in its second point, inquired whether the appellee exercised such diligence as would have been exercised by an ordinarily prudent person, mindful of his own interest under same or similar circumstances, from April 26, 1946 until May 30, 1946. Its objection to such issues was the same, that is, that each of such issues calls for a conclusion of law on the part of the jury, that the jury's province is to ascertain the facts which go to show good cause and not to determine whether from such facts good cause exists as a matter of law.

 The appellant in its second point attempts to enlarge upon the objections made in the trial court to the special issues and says that such issues did not limit the jury to facts pleaded and proved as constituting good cause between such dates. The appellee objects in his brief to consideration of this point as it is briefed. The appellant in its amended motion for a new trial enlarges upon its objections filed upon the trial. Upon the authority of Traders & General Insurance Company v. Turner, Tex.Civ.App., 149 S.W.2d 593, and the language of Rule 274, Texas Rules of Civil Procedure, the appellant waived any objection it might have had to the court's charge except those objections which were made before the charge was read to the jury and filed in the trial court at that time. The objection made as shown by the record and appellant's brief was that the two special issues under scrutiny here call for a conclusion of law on the part of the jury. That is the only part of appellant's objection which we may consider. The issues inquired whether appellee in filing his claim on May 30, 1946, on and after April 26, 1946, "exercised such diligence as would have been exercised by an

ordinarily prudent person, mindful of his own interests, under the same or similar circumstances". We believe that the wording of the issues would not call for a conclusion of law on the part of the jury called upon to answer them, on the authority of the recent case of Hawkins v. Safety Casualty Company, supra, and cases cited therein.

Even if the portions of appellant's second point not considered by us were properly raised by timely objection in the trial court, we do not believe that any error would have been presented thereby which would require a reversal of the case. After the appellee, in his petition, had alleged his grounds for good cause, he further alleged that "he did with due diligence and dispatch, taking into consideration all the facts and circumstances then existing, obtain claim blanks and secured an attorney and filed his claim". It is doubtful whether it would have been incumbent on the trial court to submit additional special issues to the jury in this case, itemizing separately all the varous facts alleged and testified to by the appellee in the effort to show good cause for his failure to file his claim within six months. Fifty-two special issues were submitted by the court in his charge and it is not believed that he would have been required to submit ten or fifteen additional ones, which could only serve to provide answers as to whether certain facts and circumstances existed. Even had he done so it would still have been necessary for the trial court to submit the two special issues under examination in order to elicit a finding from the jury upon the question of whether in the light of the existence of such facts as found, the appellee exercised such diligence as would have been exercised by an ordinarily prudent person, mindful of his own interest, the ultimate fact issue involved.

From an examination of the entire record and statement of facts, we believe that the case was carefully and properly tried. No error is presented, and judgment of the trial court is accordingly affirmed.

Judgment affirmed.