**TEXAS EMPLOYERS' INSURANCE ASS'N v. FRANKUM.**

**No. 12000.**

Court of Civil Appeals of Texas. Galveston.

Oct. 14, 1948.

Rehearing Denied Dec. 23, 1948.

Morris, McGregor & Sewell and Morris, Underwood & Oldham, all of Houston, for appellant.

F. Warren Hicks, of Houston, for appellee.

GRAVES, Justice.

This is a Workmen's Compensation case, brought by the plaintiff Frankum against the Texas Employers' Insurance Association to recover compensation on account of an injury received by him on December 10, 1943, while working as an automobile mechanic for Earl McMillian Company in Houston.

This is the second appeal of this case. The opinion of this Court on the former appeal will be found in 198 S.W.2d 484, and that of the Supreme Court in 201 S.W. 2d 800, 802.

The jury verdict in the second trial—now at bar here for review—was substantially the same as it was in the first trial. In each trial the jury found, first, that plaintiff sustained partial incapacity to work as a result of the injury received by him on December 10, 1943, while so in the employ of Earl McMillian Company; that such partial incapacity was permanent, and began on December 10, 1943; and second, that plaintiff had good cause for delaying the filing of his claim for compensation from December 10, 1943, until December 23, 1944.

In such first trial the jury also found that plaintiff's average weekly wage-earning capacity during the existence of such partial incapacity would be $35, "per 40-hour week," which the Supreme Court—on the former appeal—thus held was erroneous: "What we hold is that when they attempted to fix his earning capacity under the limitation of a forty-hour week when no such limitation was claimed by respondent or supported by the evidence, their answer was not responsive and did not determine the issue submitted to them."

Whereas, on the present trial, following that holding, the jury found that plaintiff's average weekly wage-earning capacity, during the existence of such partial incapacity, would be $39.

This $39 finding this time followed special issues submitted by the court, seeking to elicit such an unconditional determination of that element, and stipulations

made by the parties during the trial to the effect: (1) That the plaintiff had sustained the accidental injury he declared upon on December 10th of 1943, and (2) that his average weekly wage during the year before such injury had been $67.70.

There was some testimony tending to indicate that the plaintiff had also sustained two other injuries between the date of the one he received on December 10th of 1943, supra, which alone he sought recovery upon, and the date of the present trial, to-wit: (1) While he was at his home on July 29th of 1944, and (2) another at his employer's place of business on. October 18th of 1944, as to which the trial court had submitted to the jury its special-issues Nos. 11, 12, 14 and 15.

Upon the predicate thus indicated, the trial court entered its final judgment, in part upon the jury's verdict after disregarding its answers to stated special issues Nos. 11, 12, 14 and 15, as having elicited merely evidentiary instead of material findings of fact, and in part upon its own findings from the pleadings and the evidence, whereby the court awarded the plaintiff compensation at $17.22 per week for 300 weeks.

Appellant inveighs in this Court against the judgment so adverse to it below upon these two points of error:

"No. I. The jury having found plaintiff partially and permanently disabled as the result of an injury sustained in the course of his employment; but, having further found that a major portion of his disability resulted from a second injury, which he received outside of the course of his employment at his home, it was error for the Court to award the plaintiff compensation for the disability resulting from the second injury.

"No. II. The Court erred in submitting to the jury Special Issue 9, inquiring whether the plaintiff had good cause for delaying the filing of his claim for compensation with the Industrial Accident Board from December 10, 1943, until December 23, 1944, over the defendant's objection that said issue does not limit the jury to a consideration of the facts pleaded by the plaintiff as constituting good cause, nor to the facts established by the evidence as constituting good cause."

█ Point No. II is overruled without discussion, upon the holding that, while the trial court elicited a finding from the present jury—as had been also done in the first trial of the cause—that the appellee had had good cause for not having filed his claim for compensation herein with the Industrial Accident Board until December 23d of 1944, such question had been bindingly settled in this litigation by the Supreme Court's opinion on the first trial thereof, as reported in 201 S.W.2d at page 802, column 2, paragraph 7, wherein it expressly overruled appellant's point raising that feature at that time. This Court had likewise so determined it upon the former appeal to it.

In other words, such judgment of the Supreme Court on the former appeal is now the law of this case on that branch of it, and cannot be overturned here. MacDonald v. Follett, Tex.Civ.App., 193 S.W. 2d at page 288, Column 1, Paragraph 1, writ of error denied, and authorities there cited.

Wherefore, the only remaining question of law so left here is that raised by appellant's quoted point No. I.

After extended consideration of the record, that contention also is overruled, upon the holding that, as applied to our Compensation Law, Vernon's Ann.Civ.St. Art. 8306 et seq., as applicable to the developed facts of this case, it is an unsound construction, whatever may be the holdings of sister states upon somewhat similar acts to our own.

It is true, as appellant presents, that the jury found, in answering the disregarded issues (Nos. 11, 12, 14 and 15), that the appellee's disability had been caused in part both by the second and third claimed injuries of July 29 and October 18, 1944, respectively, and that, but for such injury after July 29, 1944, he would have had a reduction in his earning capacity of the difference between $67.70 per week and $65 per week, or a total reduction of some $2.70 per week, whereas but for said third injury on October 18 of 1944, his earning capacity would have been reduced from $67.70 per week to $52 per week, or a total reduction of $15.70 per week; that is, by such figures and calculations appellant contended be-

low and does likewise here, that a greater portion of the appellee's incapacity resulted from such claimed second and third injuries than it did from the first injury of December 10, 1943, upon which he alone sued, and which by the undisputed proof he so recovered for.

However plausible it may seem, this contention is considered untenable, further, for this reason: The trial court, on appropriate special issues, further submitted, and the jury found thereon, after finding, as already recited, that the appellee's average weekly wage-earning capacity during the existence of his partial incapacity would be $39, that his incapacity since such asserted injuries on July 29 and October 18 of 1944, respectively, had not been caused solely by the injuries alleged to have been sustained by him on those dates;

■ Wherefore, it is considered that the trial court did not err in disregarding the jury's findings with reference to those injuries under Special Issues Nos. 11, 12, 14 and 15, as having been evidentiary only upon the whole cause, hence not material to the only recovery the appellee either sought or obtained.

It is therefore thought to be inept to say—as appellant does—that "there are three injuries involved in this suit"; this because of the findings of the court and jury on the issues so left in the cause, upon evidence which has not been controverted, that whatever injuries the appellee received on the two subsequent dates after his one declared-upon injury of December 10 of 1943, they constituted only aggravations or re-occurrences of such original one. Indeed, the evidence was ample, and the jury found that he had never gotten over the partial incapacity he suffered from that original one on December 10, 1943, and never would; further, upon a like predicate, that his average weekly wage-earning capacity, so long as such incapacity therefrom followed, would be $39 per week. These stated facts, it is held, entitled him to the 300 weeks of compensation, as prescribed in the statute.

■ In construing our Compensation Law, our courts in Texas have held that an injury, to be compensable, need not be the sole cause of the disability; that if it is a producing cause, the employee is entitled to full compensation to the extent of such disability, even though other facts also contribute to the disability. Hood v. Texas I. I. Co., Tex.Sup., 209 S.W.2d 345, 348.

As this Court reads them, none of our other authoritative holdings run counter to the principle of the Hood case, just quoted from; it is true that others of them express it in a somewhat different way, as for instance, where it is said in Texas I. I. Co. v. Staggs, 134 Tex. 318, 134 S.W. 2d 1026, 1028, that "Recovery is authorized if a causal connection is established between the injury and the disability or death. 'Producing cause' is the term most frequently used in compensation cases. Sometimes the cause required to be proven is described as an 'efficient, exciting, or contributing cause'."

See also these additional authorities: Southern Underwriters v. Grimes, Tex.Civ. App., 146 S.W.2d 1058; Tex. Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W. 2d 405, error dismissed; Tex. Ind. Co. v. McNew, Tex.Civ.App., 90 S.W.2d 1115, error dismissed; Tex. Employers' Ins. Ass'n v. Hitt, Tex.Civ.App., 125 S.W.2d 323; Tex. Emp. Ins. Ass'n v. Burnett, Tex. Civ.App., 77 S.W.2d 742; Tex. Ind. Ins. Co. v. Dean, Tex.Civ.App., 77 S.W.2d 748, error dismissed; General Insurance Corp. v. Hughes et al., Tex.Civ.App., 193 S.W.2d 230.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that the trial court's judgment be affirmed. It will be so ordered.

Affirmed.

## On Appellant's Motion for Rehearing.

In its original disposition of this cause on October 14, 1948, through its opinion then filed, appellant's point of error No. II, challenging the manner of the trial court's submission to the jury of the question as to whether the appellee had had good cause for delaying the filing of his claim for compensation with the Industrial Accident Board, which point was fully quoted therein, this Court overruled such point upon

the holding that it had been already finally disposed of by the Supreme Court in its opinion upon the first appeal of this cause, so as to leave that inquiry no longer an issuable one in this controversy, citing in support thereof the Supreme Court's disposition of the matter, as reported in 201 S.W.2d at page 802, column 2, paragraph 7.

■ However, by very helpful arguments and briefs upon that question, both sides to this controversy now consider that this Court was in error in so holding that the Supreme Court's former opinion had already become the law of this case on that feature, to the extent of eliminating further consideration of it here. While this Court is unconvinced of error in such former holding, on reconsideration, it concludes and finds that appellant's second point should be—and it hereby is—overruled upon the merits, since as the appellee's counter point thereto recites: "the evidence does not suggest the existence of any reason other than as alleged in appellee's petition as to why he had not sooner filed his claim, and the jury, under the court's charge, could not properly have considered any reason other than such alleged reason, and, if it were error, it was harmless."

An examination of the statement of facts discloses no evidence of any other reason than that as alleged and testified to by the appellee for not having filed his compensation claim prior to the date it was so filed upon, and appellant failed to point out to the Court testimony on the issue of good cause that was not raised by the appellee's pleadings.

The trial court expressly instructed the jury to answer all the issues from the evidence, defined the term "preponderance of the evidence", and specifically as to the issue of such good cause, asked the jury to find from a preponderance of the evidence whether the appellee had had good cause for delaying the filing of his claim from December 10th of 1943 until December 23d of 1944, which the jury answered "He had".

There is, further, no indication in the record that the jury either disobeyed the court's instructions by considering matters outside the pleadings and evidence, or otherwise was guilty of any improper conduct.

■ Wherefore, if there was error in the court's submission of its special issue No. 9 as to such good cause feature, there is no showing that it probably resulted in an improper judgment against the appellant, which is necessary for a reversal on that account, under Rule 434, Texas Rules of Civil Procedure.

These further authorities are now cited as further sustaining this Court's overruling of appellant's Point No. II, to-wit: Georgia Casualty Co. v. Gibson, Tex.Civ. App., 11 S.W.2d 191, loc. cit. 194, error dism.; Texas Employers' v. Jones, Tex.Civ. App., 70 S.W.2d 1014, 1016, err. dism.; Texas Employers' v. Eaton et al., Tex.Civ. App., 69 S.W.2d 569, loc. cit. 570, err. dism.; Norwich Union v. Wilson, Tex.Civ. App., 17 S.W.2d 68, loc. cit. 78 err. dism.; Southern Underwriters et al. v. Mowery, Tex.Civ.App., 147 S.W.2d 834, loc. cit. 839, 840; Williamson v. Texas Indemnity Co., 127 Tex. 71, 90 S.W.2d 1088, loc. cit. 1090; Texas Employers' v. Wright, Tex.Civ.App., 118 S.W.2d 433, err. dism., loc. cit. 437, 439; Scott v. Gardner, Tex.Civ.App., 159 S.W.2d 121, loc. cit. 123, err. ref. W. M.; Southern Surety Co. v. Adams, 119 Tex. 489, 34 S.W. 2d 789, loc. cit. 797; Traders & General Ins. v. Wright, 144 S.W.2d 626, 630, err. ref.; Safety Casualty Co. v. Link, Tex.Civ. App., 209 S.W.2d 391, 395; err. ref. N. R. E.; Texas Employers' v. McKay, Tex.Sup., 210 S.W.2d 147.

These conclusions require the overruling of appellant's motion for rehearing; it will be so ordered.

Refused.